Marshall, C. J.
 

 The .sole question argued in this court is whether the municipal court erréd in overruling the motion of defendant for judgment in his favor at the close of plaintiff’s testimony. The issue is whether plaintiff sustained the burden imposed upon him to prove defendant’s negligence in the operation of the truck, as alleged in the petition.
 

 The duty resting upon this court, on a review of the record, is to ascertain whether there is any evidence tending to prove defendant’s negligence in the operation of the truck. Negligence is never
 
 *259
 
 presumed, and the burden of proving it is always imposed upon the party asserting.it. This burden is met by introducing testimony sufficient to cause the court to believe it probable that the truck was negligently operated. Such testimony need not be that of an eyewitness. The facts and circumstances may be such as to raise an inference of negligent operation. The defendant admitted in the answer that the damage was done through agencies under his control, and sought to avoid the effect of that admission by further stating that the course of the truck was deflected by the negligent operation of another machine owned by another party. Such new matter being denied, and no evidence being offered by the defendant, the case is' stripped of that feature. It only remains to determine as a proposition of law in this error proceeding whether the unexplained driving of a truck over .the sidewalk and into the corner of a building raises an inference of negligence on the part of the driver of the truck which renders its owner liable to respond in damages. The trial court drew that inference and rendered judgment. There is no conflicting evidence to be weighed, and the weight of the evidence is therefore not involved. On the other hand, it is not the duty of this court in this error proceeding to place itself in the position of the trial court, or to exercise an independent judgment as to whether this court on a reading of the record would draw the same inferences. That was the duty of the trial court in the first instance, and, on review, this court will not disturb its conclusions, unless they were clearly unjustified.
 

 The allegations in the answer to the effect that
 
 *260
 
 the truck was being operated with care, and that the damage was caused by the negligence of the driver of the other car, are not in any sense evidence. Those allegations in the pleading not being evidence, and the defendant offering no testimony to support them, the trial court was bound to ignore them. It vaguely appears in the testimony that there was another car in collision with the truck. But it does not even remotely appear that the truck was operated carefully and the other car negligently. This truth is the more manifest because the truck necessarily had a driver, and the question of care or negligence rested with him. The defendant neither called him nor accounted for his absence.
 

 There is another theory of this case, which was not stressed in argument. Counsel for plaintiff did not invoke the doctrine of
 
 res ipsa loquitur.
 
 He was of the opinion that upon the authority of
 
 Glowacki
 
 v.
 
 Northwestern Ohio Ry. & Power Co.,
 
 116 Ohio St., 451, 157 N. E., 21, 53 A. L. R., 1486, the answer precluded him from invoking the doctrine. This conclusion was reached upon the well-known theory that the doctrine does not apply where it appears that there was another equally efficient proximate cause. There was, however, only one cause of injury, and that was the collision of the truck with the building. While there was another intervening agency alleged in the answer, there was no testimony to support it, and the situation was therefore as though it had never been alleged. It is not necessary to plead the doctrine of
 
 res ipsa loquitur. Beeler
 
 v.
 
 Ponting,
 
 116 Ohio St., 432, 156 N. E., 599. Where the facts and circumstances as developed by the evidence make the rule applicable, and where requested so to do,
 
 *261
 
 it becomes the duty of the court to charge the jury thereon, and a refusal would amount to reversible error. In the instant -case the court tried the case without the intervention of a jury, and no request was made for separate findings of fact and conclusions of law. We are, therefore, not able to determine what rules of law were applied by the court in reaching a conclusion. It will be presumed,-however, that the court applied all proper applicable rules. The first syllabus of the
 
 Glowachi case
 
 is applicable and decisive of this error proceeding:
 

 “The rule of
 
 res ipsa loquitur
 
 is not a substantive rule of law. It is rather a rule of evidence which permits the jury, but not the court in a jury trial, to draw an inference of negligence where the instrumentality causing the injury is under the exclusive management and control of one of the parties and an accident occurs under circumstances where in the ordinary course of events it would not occur when ordinary care is observed. It is an evidential inference, not controlling upon the jury, but to be considered by the jury under proper instructions. A like inference under like circumstances may be drawn by the court when the court is the trier of the facts.”
 

 The truck was the instrumentality which caused the injury. It was under the exclusive management and control of the defendant, and the accident occurred under circumstances where, in the ordinary course of events, it would not have occurred if ordinary care had been observed. The defendant could have explained, the interference of the other automobile, and if the explanation had been satisfactory to the trial judge a verdict would have been rendered
 
 *262
 
 in defendant’s favor. The third syllabus of the
 
 Glowachi case
 
 is likewise applicable:
 

 ‘ ‘ The weight of the inference as well as the weight of the explanation offered to meet the inference is for the determination of the jury in a jury trial or for the determination of the court when the court is the trier of the facts.”
 

 This court cannot say upon a review of this record 'that the inference drawn by the trial 'court was not justified.
 

 Judgment affirmed.
 

 Day, Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.