PARDEE, J.

Giving to plaintiff's petition an interpretation most favorable to him, it may be said that he claims that a vacant and unimproved lot, which he purchased after a grade had been properly established in front thereof, has been damaged by change of such grade, which change was made by the county commissioners in conformity to law, for the purpose of providing an approach to a county bridge over the Ohio canal, but which change was not made by the city in conformity to the law in reference to the change of grade of city streets, and that by reason of the acts of said commissioners, ingress and egress to his said lot has been rendered difficult and inconvenient, and as a consequence of said improvement, travel which otherwise would pass on the side of said street next to said lot, has been diverted so as to pass on the side opposite to said lot, and on the grade of said approach.

We have re-examined a great many of the reported Ohio cases upon this subject—those cited and others—and we are unanimously of the opinion that in this state a property owner cannot recover damages from a political subdivision of the state for changing, in conformity to law, the established grade of a street in front of privately owned property, unless said property has been improved with reference to said established grade and the grade has been changed to the damage of said improved property.

Funk, PJ, and Washburn, J, concur.

## MAXEDON v DOYLE et

Ohio Appeals, 1st Dist, Hamilton Co

No 3256.  Decided Dec 31, 1928

Thomas V Maxedon, for Maxedon.
Wm R Collins and Moulinier, Bettman & Hunt, all of Cincinnati, for Doyle et.

Cushing and Ross, JJ, concur.

## MARTINEZ v CLEVELAND (city)

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9169. Decided Feb 11, 1929

Gilbert Morgan, Cleveland, for Martinez.
Francis B Douglass, Cleveland, for City.

MIDDLETON, PJ and MAUCK, J of the fourth Dist and ROBERTS, J of the 7th Dist, sitting.

MAUCK, J.

It is contended that there was no authority to include in the City Charter any such purely legislative proceeding as the imposition of a penalty and further that the charter could not delegate to the Civil Service Commission the power to make a regulation that the City employee must be a resident of the City. An attempt has been made to draw an analogy between the constitution of the State and the law making power of the State on the one hand and the City charter and the legislative branch of the Municipal government on the other. We are content with that analogy. The instances are perhaps not numerous where a constitution enters into legislative details, but instances are available. The constitution of Kentucky, for instance, by its Section 217, prescribes definite penalties for the violation of the railroad regulations of that instrument and those provisions have been enforced by the courts of that State without questioning their validity.

In 12 Corpus Juris, 731, and the cases there cited will be found other illustrations of self-executing constitutional provisions including some where definite penalties are imposed. If the framers of the charter of the City of Cleveland and the people who adopted their work felt that the Civil Service ought to be protected against the possible failure of Council to legislate, we know of no law that prevented their incorporating in the fundamental law of the City the provisions now under review.

The regulation of the Civil Service in the municipality is clearly within the scope of local self-government, and it was competent for the local authorities to make such regulations regarding such service as they saw fit, although the regulation may not have been specifically authorized by the constitution or laws of the State. **State vs. Edwards, 90 O. S. 305, 309.** Nor is the suggestion sound that it was not competent to delegate to the Civil Service Commission the power to make regulations having the force and effect of law. In **Green vs. State Civil Service Commission 90, O. S. 252,** it was held that the State constitution could delegate to the State Civil Service Commission the power to make such regulations in respect to the civil service administered by that commission, and by a parity of reasoning a City charter can delegate like powers to a municipal civil service commission.

The regulation in question was a valid one and penalties for its violation were fixed by competent authority.

Middleton, PJ, and Roberts, J, concur.