Zimmerman, J.
 

 Counsel for plaintiff in error confine themselves to one ground of error in asking a reversal. It is thus expressed in their brief:
 

 “The only contention which we desire to make in this court is that the court erred in his refusal to direct a verdict, first, at the close of the plaintiff’s testimony, and again at the close of the entire case. It is our contention that the facts developed in the trial of the case absolutely failed to show any negligence upon the part of Weller and do not bring it within the doctrine of
 
 res ipsa
 
 loquitur.”
 

 As disclosed by the record, plaintiff introduced evidence to the effect that on September 23, 1932, Harry A. Weller with three guest-companions, including plaintiff, was driving his Buick coupe in a north by east direction over a dry county road in Perry county. It was about 5:50 o’clock P. M., and still daylight, when they arrived at a point on said road a mile or so north of New Lexington. A six or seven per cent grade was there encountered, leading down to a thirty-foot culvert spanning at a slight angle to the road a small stream of water. South of the culvert was a curve in the road of about two per cent, which straightened out before the culvert was reached. At the south end of the culvert the automobile left the road and plunged down an almost perpendicular embankment, causing the death of Weller and one of his companions and resulting in injuries to plaintiff and another.
 

 The traveled portion of the road was from sixteen to eighteen feet wide, with a berm on either side. Its base was of flint-rock, topped with a thin covering of
 
 *599
 
 crushed, loose, limestone. While rough and containing holes, the road was passable and in constant use. There is nothing in the evidence to show that the automobile left the road on account of Roughness or holes in the traveled surface, or because of faulty tires or mechanical difficulties.
 

 Shortly before the disaster the automobile had been observed proceeding at an estimated speed of thirty-five miles per hour.
 

 Through statutory inhibition, plaintiff was precluded from giving his version of the occurrence, since his suit was against an executrix.
 

 Called as a witness by the defendant was A. L. Gable, a passenger in the ill-fated automobile on its last tragic journey, and one of the two survivors of the accident. The substance of his testimony is that the automobile, traveling about thirty miles per hour, got into “some loose gravel or stone at the side of the road;” that Weller made an “effort with the steering wheel to get it back on the road,” but “the car went into this culvert and into the creek.” “The road was well grown up with weeds on both sides.” On cross-examination, Gable admitted he had discussed the accident. The following questions and answers concerning his conversation with two named persons are taken from the record:
 

 “Q. And didn’t you then and there state this or this in substance ‘that you didn’t know how it happened?’ A. That I didn’t know how the accident happened?
 

 “Q. Yes? A. Yes, I suppose I did, because I don’t.”
 

 There is testimony in the reeord that along the extreme right or east side of the traveled portion of the road to the south of the culvert there was a ridge of crushed limestone from five to ten inches deep, pushed or formed there over a period of time by the tires of passing automobiles. There is also considerable testimony, some of it conflicting, as to weeds, locust
 
 *600
 
 sprouts and other vegetation growing along the sides of the road and tending to obscure the south end of the culvert.
 

 Defendant introduced a witness who testified as to observations he had made after the accident. The effect of this testimony is that the tire tracks showed that the right wheels of the automobile had gone into the ridge of crushed limestone at the east side of the road, had then gotten out on the berm further to the east, and that the automobile struck the south end of the culvert, resulting in its precipitation down the embankment.
 

 Did the trial court err in overruling defendant’s motion for a directed verdict at the close of plaintiff’s case in chief, on the theory that the evidence offered by plaintiff brought the case within the doctrine of
 
 res ipsa loquiturf
 

 That doctrine is a rule of evidence peculiar to the law of negligence, and amounts to a qualification of the general rule that negligence is never presumed but must be affirmatively proved. Briefly stated, the doctrine is that where the instrumentality or thing which caused the injury complained of is shown to be under the management and control of a defendant, and the accident is such as in the ordinary course of events does not happen if proper management and control is exercised, it affords reasonable evidence, in the absence of explanation by such defendant, that the accident arose from want of care, and permits the inference of negligence. 29 Ohio Jurisprudence, 631, Section 153
 
 et seq.,
 
 citing Ohio cases; 20 Ruling Case Law, 185, Section 156; 45 Corpus Juris, 1193, Section 768
 
 et seq.
 
 It is founded on an absence of specific proof of acts or omissions constituting negligence.
 

 The Supreme Court of the United States said in
 
 Sweeney
 
 v.
 
 Erving,
 
 228 U. S., 233, 240, 33 S. Ct., 416, 418, 57 L. Ed., 815, 819, Ann. Cas., 1914D, 905, 907: “In our opinion,
 
 res ipsa loquitur
 
 means that the facts
 
 *601
 
 of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is. evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that they forestall the verdict.
 
 Res ipsa loquitur,
 
 where it applies, does not convert the defendant’s general issue into an affirmative defense. When all the evidence is in, the question for the jury is, whether the preponderance is with the plaintiff.” And see the definition contained in
 
 Graham
 
 v.
 
 Badger,
 
 164 Mass., 42, 41 N. E., 61.
 

 While the doctrine does not require that negligence must be inferred from the mere occurrence of an accident, if the accident and the circumstances under which it took place give ground for a reasonable inference that if due care had been exercised the thing that happened amiss would not have happened, the law says
 
 “res ipsa loquitur.” Wardman
 
 v.
 
 Hanlon,
 
 280 F., 988, 52 App. Cas. (D. C.), 14, 26 A. L. R., 1249.
 

 Of course, the facts and circumstances surrounding the particular case determine whether
 
 res ipsa loquitur is
 
 applicable. The doctrine was applied in the following cases where motor vehicles suddenly left the road or highway over which they were being operated and thereby caused injury. Several of these cases contain facts similar to those in the instant case:
 
 Scovanner
 
 v.
 
 Toelke, 119
 
 Ohio St., 256, 163
 
 N.
 
 E., 493;
 
 Mackenzie
 
 v.
 
 Oakley,
 
 94 N. J. L., 66, 108 A., 771;
 
 Journey
 
 v.
 
 Zawish,
 
 11 N. J. Misc., 482, 167 A., 7;
 
 Chaisson
 
 v.
 
 Williams,
 
 130 Me., 341, 156 A., 154;
 
 Shea
 
 v.
 
 Hern,
 
 132 Me., 361, 171 A., 248;
 
 Barger
 
 v.
 
 Chelpon,
 
 60 S. D., 66, 243 N. W., 97;
 
 Curtis
 
 v.
 
 Ficken,
 
 52 Idaho, 426, 16 P. (2d), 977;
 
 Nicol
 
 v.
 
 Geitler,
 
 188 Minn., 69, 247 N. W., 8;
 
 Francisco
 
 v.
 
 Circle Tours Sightseeing Co.,
 
 125 Ore., 80, 265 P., 801;
 
 Rogles
 
 v.
 
 United Rys. Co.
 
 (Mo. Sup.),
 
 *602
 
 232 S. W., 93;
 
 Bennett
 
 v.
 
 Edward,
 
 239 App. Div., 157, 267 N. Y. S., 417. And see 1 Berry on Automobiles (6th Ed.), 208, 598, Sections 234 and 723;
 
 Thorne
 
 v.
 
 Lampros,
 
 52 Nev., 417, 288 P., 601.
 

 In the present case plaintiff offered proof that defendant’s decedent was driving his automobile at an ordinary rate of speed over a considerably used county road, the traveled part of which was from sixteen to eighteen feet in width, when it unexplainedly left the road and plunged down an embankment. This was certainly not a commonplace or usual occurrence and presented circumstances sufficient to permit an inference of negligence within the fifth paragraph of the syllabus of
 
 Scovanner
 
 v.
 
 Toelke, supra,
 
 holding that the
 
 res ipsa loquitur
 
 doctrine applies where a motor vehicle being operated by the owner along a thoroughfare leaves such thoroughfare and runs into and damages an adjoining building, no other testimony being introduced to prove negligent operation of the vehicle.
 

 The trial court did not err in overruling defendant’s motion for a directed verdict when plaintiff rested his case in chief.
 

 Defendant was then afforded the opportunity to produce evidence in explanation of the accident and in support of the defenses of unavoidable accident and contributory negligence. She accepted the opportunity, and the gist of the evidence submitted has been recounted above. There was none on the issue of contributory negligence. While such evidence is indicative of the primal cause of the accident, viz., the contact of the automobile wheels with the ridge of crushed limestone, we are still left without definite evidence as to how or why this occurred.
 

 Should the court have directed a verdict for the defendant at the close of all the evidence? Our answer is “No.” When such evidence is analyzed, it cannot be said that reasonable minds might not differ in their conclusions therefrom, particularly as between negli
 
 *603
 
 gence and unavoidable accident. Upon a consideration of the entire evidence, reasonable minds might logically conclude that the accident could have been averted by the exercise of ordinary care and that defendant’s decedent was negligent in allowing the wheels of his automobile to get into the ridge of crushed limestone at the extreme east of the road, when there was ample space to have avoided it.
 

 Even where a defendant in a
 
 “res ipsa
 
 case” introduces evidence which if accepted by the jury would exonerate him from blame, the inference of negligence permitted by plaintiff’s proof is not thereby destroyed so as to necessitate a finding of the absence of negligence as a matter of law or to require a directed verdict for the defendant. 45 Corpus Juris, 1224, Section 784.
 

 We think the court properly overruled both motions of defendant for a directed verdict, thus submitting the case to the jury for its determination.
 
 Glowacki, a Minor,
 
 v.
 
 North Western Ohio Ry. & Power Co.,
 
 116 Ohio St., 451, 157 N. E., 21, 53 A. L. R., 1486; 29 Ohio Jurisprudence, 747, Section 208. Therefore, the judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Stephenson, Williams and Day, JJ., concur.