DUNN, APPELLEE, *v.* CURRAN, APPELLANT.
(TWO CASES)

(Decided June 10, 1940.)

*Mr. John J. Cooney,* for appellees.
*Messrs. Dolle, O'Donnell & Cash* and *Mr. George E. Fee,* for appellant.

MATTHEWS, J.   By this appeal there are brought under review by this court two judgments rendered by the Court of Common Pleas, affirming two judgments of the Municipal Court of Cincinnati—one in favor of Pauline Dunn, a minor, for $1,000, on account of personal injuries, and the other for $118.57, in favor of her father Hobert Dunn, for money expended by him in securing services in treating her for her injuries. The two cases were consolidated by agreement in the Municipal Court, and the issues of fact submitted to the same jury. The amount expended by the father was not in dispute, and the disposition of the daughter's case must necessarily dispose of the father's case. We will, therefore, consider this appeal as though it involved the daughter's claim alone.

The plaintiff, Pauline Dunn, alleged in her bill of particulars that at about 11:40 p. m., she was standing on the east sidewalk of Woodburn avenue, directly opposite a safety zone loading platform, located a short distance south of Madison road in the city of Cincinnati, and that the defendant drove an automobile northwardly on Woodburn avenue in such a manner as to cause it to strike her while she was thus standing, and thereby caused her physical injuries. The plaintiff alleged that the defendant was negligent in that he drove the automobile too close to the curb, that he drove it at an excessive rate of speed, to wit, 45 miles per hour, and neglected to have it under control. The defendant denied all allegations of negligence.

At the trial no evidence was introduced indicating that the defendant was driving at an excessive speed or that the rate of speed had anything to do with the automobile striking the plaintiff. As there was no evidence having any tendency to prove that the speed at which the defendant was driving his automobile caused the collision, that issue should not have been submitted to the jury. The trial court erred in overruling the defendant's motion to withdraw this issue from the consideration of the jury.

The evidence showed that after this collision, the defendant stopped his automobile within 15 feet of the point of collision. There was no evidence of lack of control, or that the control or lack of control had anything to do with the accident. There is no evidence that the defendant saw the plaintiff in the path of his automobile until the instant of the impact. The defendant requested the court to withdraw this issue from the consideration of the jury and the court overruled the request. In this, the court erred.

It is manifest that the issue in this case was whether the defendant had so operated the automobile along the street so as to cause a portion of it to extend over

the sidewalk and thereby strike the plaintiff. If he did, the trier of the facts would be entirely justified in drawing the inference that the defendant was negligent, and, unless the plaintiff was barred by some act of negligence on her part directly contributing to the collision, a verdict in her favor would not be disturbed. *Scovanner* v. *Toelke,* 119 Ohio St., 256, 163 N. E., 493.

On the other hand, if the plaintiff stepped from the sidewalk directly in the path of the approaching automobile, so close that a collision was unavoidable, she has no cause of action.

That is the issue that should have been submitted to the jury.

The court, however, did not so limit the issue. This issue was submitted to the jury and the law applicable thereto was correctly stated in one part of the general charge, but the issues of speed and control were also submitted and the greater part of the charge was directed to the law applicable to those issues, so that the real issue was necessarily obscured in the minds of the jurors.

The failure to state the real issue and limit the inquiry thereto was particularly prejudicial in this case. The plaintiff and three of her companions testified that the plaintiff was struck by the automobile while she was standing on the sidewalk. Now this collision was possible only by some part of the automobile projecting over the sidewalk, but only one witness (Ruth Geiger) testified to anything that would indicate that that took place. She testified that the automobile swerved and it could be inferred from that that some part of the front of the automobile extended over the curb. The probability of this being the cause of the collision is reduced by the fact that the most likely place where this swerve took place was where the defendant entered the space between the loading platform and the curb, and, according to all the evidence,

the collision took place near the other end of the platform, one hundred, or more, feet away.

Opposed to this evidence was the testimony of the defendant and his wife, who were in the automobile, that the automobile was proceeding parallel with the curb and about two feet from it, when the plaintiff stepped or fell against the right front side of it. They were corroborated by a witness who was standing on the platform, who said that, as the streetcar approached, the plaintiff said: "Come on, kids" and then rushed out.

In the light of all the circumstances, we are of the opinion that the verdict of the jury is manifestly against the weight of the evidence, and that this result was contributed to, if not caused, by the failure to clearly state the issue upon which the defendant's liability depended, and in submitting the other two issues upon which there was no evidence.

For these reasons, the judgments of the Court of Common Pleas are reversed, and the causes remanded to that court, with instructions to reverse the judgments of the Municipal Court of Cincinnati and remand the causes to that court for further proceedings according to law.

*Judgments reversed and causes remanded.*

HAMILTON, P. J., and Ross, J., concur.