FARINA, APPELLANT, *v.* FIRST NATIONAL BANK, APPELLEE.

(No. 2108—Decided June 30, 1943.)

*Mr. Leroy J. Contic,* for appellant.
*Messrs. Hart & McHenry,* for appellee.

SHERICK, J. Plaintiff's trial pleading alleged that she was a patron of defendant bank; that she had entered its banking house through its revolving door; and that some ten minutes thereafter, while attempting to depart by the same door, a wing thereof collapsed and injured her. She charged that the defendant had been negligent in several respects, which negligence was the proximate cause of her injury.

The defendant denied that it was in any way negligent.

Upon trial plaintiff failed to prove that defendant had been negligent in the matters and things claimed. At the end of all the evidence defendant moved for an instructed verdict. Thereupon, the trial court stated that the motion would be sustained unless plaintiff indicated that she based her cause of action, and relied upon the application of the rule of *res ipsa loquitur.*

Plaintiff did so state and the cause was submitted to a jury which returned a verdict in plaintiff's favor for a substantial amount.

Thereafter defendant moved for judgment *non obstante veredicto*. This motion was sustained and judgment was entered in defendant's favor. It is from this judgment that plaintiff appeals. The sole question before this court is whether the doctrine of *res ipsa loquitur* is applicable to the situation presented.

The following operative facts are established:

The door has been in use for a number of years. It is equipped with such modern appliances as are now in general use. It is without structural fault and is in good operating condition. It has daily practical inspection. It has had constant business day use and has required only minor repairs. It is evidenced that, during an ordinary business day, at least a thousand persons use it as a means of ingress and egress to and from the bank. It, previously, never had a wing collapse. No person had ever been injured therein or by use thereof. The wings are held in place by metal rods located at about knee heighth and so constructed that if pressure of a hundred pounds or more is applied to a wing its supports will be disengaged and the wing collapsed. This is a safety feature against panic for the public's protection. It is shown that the door may, by a quick jar, be jolted into collapse. It is evidenced by plaintiff that, when she sought to make her exit, the door or wings were moving slowly.

It is the accepted rule as stated in *Wiedanz* v. *May Department Stores Co.* (Mo. App.), 156 S. W. (2d), 44, that the owner or occupant of business premises to which the public is invited is not an insurer of a customer's safety, but that he does owe him the exercise of ordinary care not only within its portals but thereat as well, and that:

"An owner or occupant of a store [in the instant case a banking house equipped with a revolving door] has a right to rely on the sufficiency of a structure which is in common use and concerning which there is no evidence to show anything inherently dangerous or obviously harmful in its use."

It is argued in the present appeal, from an inference drawn from the proven fact of collapse, that this safety feature of the appliance was inherently dangerous or that its safety device was out of repair. There is no proof of either supposition. In truth the proof adduced shows the contrary to be true. Here we find a door equipped with a safety device for the laudable purpose of protecting the public against the hazard of a panic. The worth of such a door is aptly illustrated by the recent Cocoanut Grove disaster. It is not a new device, but one in general use and, by constant hard daily use over a number of years, defendant has in fact proved that such a type of construction is not inherently dangerous. Inferences deducible from proven facts must be logical and reasonable. We cannot find under the proven facts that defendant was negligent in the selection and use of this kind of door.

We come now to the principal question before the court. The plaintiff recognizes that the rule of *res ipsa loquitur* cannot be invoked unless the injured party can show that the instrumentality, at the time of the injury, was under the management and the sole and exclusive control of the one against whom the rule is sought to be applied; and that in the ordinary course of events use of the appliance, had due care been exercised, would not have resulted in injury. This is the rule as stated in *Sherlock v. Strouss-Hirshberg Co.,* 132 Ohio St., 35, 4 N. E. (2d), 912. It is further observed, inasmuch as the doctrine is not one of sub-

stantive law but a rule of evidence, that, as pointed out in *Glowacki, a Minor,* v. *North Western Ohio Ry. & Power Co.,* 116 Ohio St., 451, 157 N. E., 21, 53 A. L. R., 1486, the rule does not spring from a presumption but rests upon an inference which a jury may, by data based upon common experience, draw from facts that are proven. Guided by these authorities we pose the question: Was the defendant in the sole and exclusive control of the revolving door at the·time of plaintiff's injury? We think not.

This door, as well as doors of like design, did not and does not operate itself. It was made available by the bank, but was not being operated by it. By the plaintiff's own testimony she was operating the door when a wing collapsed. She had to exercise some force to procure an exit from the banking room. In fact, unless another person was within the door at the time, she was the sole agency which caused it to revolve. This being true, then, at the time of injury, the bank had no control thereover.

In *King* v. *Wiesel,* 67 R. I. 182, 21 A. (2d), 262, it is held that:

"In action by tenant against landlords to recover for injuries sustained by the tenant through the alleged negligence of the landlords in connection with the maintenance of a shower bath and fixtures when the tenant was scalded by allegedly sudden rush of hot water, the doctrine of '*res ipsa loquitur*' was not applicable, since there was absent at least one of the limitations placed on the application of the doctrine, namely, exclusive control by ·the landlords of the instrumentality because the tenant operated the hot and cold water faucets."

*Reichenbach* v. *New Alamac Hotel Corp.,* 141 Fla., 797, 194 So., 250, is a like holding. Here a landlord offered a hotel guest the only chair conveniently avail-

able. It was a folding chair. Plaintiff unfolded it. No defects were apparent. Plaintiff sat upon it and the chair collapsed. The court held the "doctrine of '*res ipsa loquitur*' was inapplicable, since inspection and user of the chair were in plaintiff's control."

A comparatively small number of revolving-door cases are reported. All that we have examined exhibit some actual proof of negligence, either in operation or in that there was a lack of inspection and repair, which warranted submission of the cause to the jury. It appears to this court that, in such cases, if some element of negligence of a defendant is proven to exist, then the drawing of an inference of negligence is unnecessary and does not present a true case of dependency on the application of the rule of *res ipsa loquitur*. The case of *Hochschild, Kohn & Co., Inc.*, v. *Murdoch*, 154 Md., 575, 141 A., 905, illustrates the point we make. In that case there was sufficient evidence of defendant's negligence which warranted its submission to the jury. The term "*res ipsa loquitur*" is not found throughout the course of the opinion, but the court holds, without developing the reason therefor, that, in an action for injury to customer, in defendant's store, knocked down by wing of revolving door when attempting to go out through open passageway on left side of door, the fact that a wing collapsed or left its regular fixed position for revolving and swung so as to open passageway, did not of itself afford proof of negligence.

The court in *Todd, Admr.*, v. *S. S. Kresge Co.*, 303 Ill. App., 89, 24 N. E. (2d), 899, a swinging-door case, wherein the doctrine was relied upon, makes two pertinent observations. It is held, that:

"Operation of such doors is not within the exclusive control of the proprietor of the store. Persons using them take a distinct part in their operation and are chargeable with the exercise of ordinary care in

the use thereof. Injuries may occur in their operation from a lack of due care, either on the part of the person injured or from that of those using the door at or near the same time as the person injured. Under conditions of that character, a proprietor could not be considered liable. * * * where an appliance or structure not obviously dangerous, has been in daily use for an extended period of time and has proven adequate, safe, and convenient for the purposes to which it was being put, it may be further continued in use without the imputation of negligence.''

This court considers that there is a second equally formidable reason why the doctrine is not applicable to the present circumstances. Plaintiff testifies that she had been a customer of the bank for a considerable time; that she had entered its door some ten minutes earlier; and that when she sought to make her exit, the door was moving slowly. The defendant's undisputed evidence is that its door was in constant use. It had to be if two thousand persons entered and left the bank during banking hours of an ordinary day. With this evidence in mind, and freeing the plaintiff of all blame, the thought comes that one or more persons passed in and out during the plaintiff's sojourn in the bank.

If it is reasonable to presume from the proven facts that defendant's negligence proximately caused plaintiff's injury, it is equally logical to infer that some third party passing through the door during the ten-minute interval had carelessly subjected it to an unusual strain which caused its wing to subsequently collapse and that such an act was the proximate cause of plaintiff's injury. If that is the true fact, then clearly the defendant bank could not be liable for the stranger's act. In the *Sherlock case, supra,* the court employs identical reasoning. It is held that because a

customer tripped over a stool in the aisle, it cannot be inferred that an employee placed it there, because it is just as reasonable to infer that someone else had placed it there. Clearly if two reasonable inferences are deducible from the same facts, one of which comports with defendant's responsibility and the other is directly *contra* thereto, neither should be indulged to permit recovery by use of the doctrine of *res ipsa loquitur* for the apparent reason that, if such a practice is permissible, a jury is called upon to enter the field of speculation and engage in a guessing contest.

The *Wiedanz case, supra,* concerned the operation of a revolving door, caused to operate rapidly by an inconsiderate man. A wing struck a woman using it and threw her into a second woman about to make use of the door. The second woman was injured. The court denied recovery upon the theory of *res ipsa loquitur,* because the injury was the proximate result of the negligence of the man and not the device in use.

*Bonner* v. *Texas Co.,* 89 F. (2d), 291, sets forth two terse applicable rules:

"When there is no direct evidence, and the proven circumstances are consistent with either of two theories, and there is nothing to show that one rather than the other is correct, neither is proven. If the plaintiff's right must rest on only one of them, recovery cannot be had. * * * *Res ipsa loquitur* does not help, for that doctrine applies only when the instrumentalities causing injury are shown to have been wholly in the care of defendant, and not to have been meddled with by the person injured or outsiders."

In *Gerber* v. *Faber,* 54 Cal. App. (2d), 674, 129 P., (2d), 485, the rule finds recent and succinct statement:

"The *res ipsa loquitur* doctrine applies only when the facts proved by the plaintiff admit of the single inference that the accident would not have happened unless the defendant had been negligent."

116

It is the judgment of this court that the trial court did not err in sustaining defendant's motion for judgment notwithstanding the verdict. The judgment is affirmed.

*Judgment affirmed.*

Montgomery, P. J., and Putnam, J., concur.