## TERMUHLEN v. SCHAFFER.

Common Pleas Court, Butler County.

No. 67864.    Decided April 21, 1952.

Harry T. Wilks, Hamilton, for plaintiff.
Lindhorst & Dreidame, Cincinnati, for defendant.

## OPINION

By CRAMER, J.

This cause is before the court upon the demurrer of the defendant to plaintiff's petition.

The ground of the demurrer is that the petition does not state facts constituting a cause of action.

The petition sets up two causes of action. In the first plaintiff seeks to recover for damages caused to his truck when struck by the tractor-trailer truck of the defendant; and in the second he seeks to recover damages for personal injury as a result of said collision.

The petition alleges that the plaintiff was operating his truck southwardly on U. S. Route 25 about two miles outside of West Chester, Butler County, Ohio. That the defendant's tractor-trailer truck being driven by an employee of his was likewise traveling southwardly on U. S. 25, approximately two miles outside of West Chester, Ohio.

The petition then recites as follows:

"That plaintiff, as he approached George Michael's lane, began to turn his vehicle west into the lane when he was struck by the defendant's truck from the rear, causing damage to plaintiff's vehicle in and about the entire rear portion of said vehicle. * * *"

The second cause of action incorporates the allegations of the first by reference and then appears the following:

"That as a proximate result of the negligence of defendant as aforesaid, plaintiff sustained contusions and bruises * * *."

The defendant asserts that the demurrer is well taken since there is a complete absence of any allegations of negligence on the part of the defendant. It is further claimed that no facts are set forth which would constitute negligent conduct on the part of the defendant.

This claim of the defendant is, of course, true.

It is essential that the petition allege facts, which, if proven, will constitute a cause of action. The facts constituting the negligence complained of must be set forth so that the ultimate fact of negligence appears from the pleading. See **Vol. 29, O. Jur., pages 606-607.**

The plaintiff apparently is not claiming that the petition is sufficient by reason of the doctrine of res ipsa loquitur. However, we will determine the sufficiency of this petition with that rule in mind.

In the case of **Halterman v. Hansard, 4 Oh Ap 268, 22 Ohio Cir. Ct., N. S., 443,** it was held that in an action calling for the application of the doctrine of res ipsa loquitur that it is sufficient for the plaintiff to plead facts causing the injury and damage, without alleging that the injury was caused by the negligence of the defendant. See also **Fineberg v. Lincoln-Phelps Apartment Co., 55 Oh Ap 402, 9 N. E. 2d 1011: Volume 29, O. Jur., Section 144, 617; Scovanner v. Toelke, 119 Oh St 256, 163 N. E. 493; Beeler v. Ponting, 116 Oh St 432, 166 N. E. 599.**

The Scovanner and Beeler cases both hold that it is not necessary to plead res ipsa loquitur.

The doctrine of res ipsa loquitur is founded on the absence of specific proof of acts or omissions constituting negligence. See **Rospert v. Old Fort Mills, 81 Oh Ap 241, 78 N. E. 2d 909,** and the cases therein cited.

That being true, the absence from the petition of allegations of specific acts of negligence does not make that pleading demurrable.

Our next inquiry is whether the facts set forth in this petition are such as to call for the application of the res ipsa loquitur rule.

It has been asserted by the courts that the doctrine of res ipsa loquitur is one of evidence, and not of substantive law. That it is a common sense appraisal of the probative value of circumstantial evidence.

Where the instrumentality or thing which caused the injury complained of is shown to be under the management and control of a defendant, and the accident is such as in the ordinary course of events does not happen if proper management and control is exercised, it affords reasonable evidence, in the absence of explanation by such defendant, that the accident arose from want of care and permits the inference of negligence. See **29 O. Jur., 631;** Sweeney v. Erving, 228 U. S. 233, 33 S. Ct. 416, 57 L. Ed. 815; **Weller v. Worstall, 129 Oh St 596, 196 N. E. 637; Fink v. Railroad, 144 Oh St 1, 56 N. E. 2d 456; Glowacki v. N. W. Ohio Ry. & Power Co., 116 Oh St 451, 157 N. E. 21, 53 A. L. R. 1486.**

The petition discloses that the instrumentality which plaintiff claims caused him injury and damages, namely, the truck and tractor of the defendant, was under his exclusive management and control. Do the facts plead show that the accident occurred "under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed?" We do not believe so.

We base our belief upon the fact that the plaintiff alleges that the defendant's truck and trailer struck his truck in the rear thereof as the plaintiff began to "turn his vehicle west into the lane." In other words, plaintiff says that he was in the act of making a right turn when he was so struck by the defendant's vehicle. In our opinion an inference of negligence on the part of the defendant cannot be made under such circumstances.

It does not follow that this collision would not have occurred if ordinary care had been observed by the defendant. It is just as readily inferable that the vehicles collided as the result of plaintiff, in the act of making a right turn, putting his vehicle into the path of the defendant. The defendant, traveling southwardly on this road, rightfully belonged upon the side west of the center. It is likewise inferable from the factual situation shown in the petition, that plaintiff was negligent in making such turn. All of which, we believe, precludes the application of the doctrine of res ipsa loquitur since a necessary element is absent. That element being that in the ordinary course of events this collision would not have occurred had due care been observed by the defendant.

Furthermore, we should apply the principle that if two reasonable inferences are deducible from the same facts, one of which comports with defendant's responsibility, and the other is contra thereto, neither should be indulged to permit recovery by use of the doctrine of res ipsa loquitur. See **Farina v. First Nat. Bank, 72 Oh Ap 109, 51 N. E. 2d 36, 169 A. L. R. 1341.**

We therefore find that the demurrer is well taken since plaintiff's petition fails to set forth facts constituting a cause of action against this defendant.