Zimmerman, J.
A majority of the court is of the opinion that the Court of Appeals properly invoked the rule of res ipsa loquitur in this case. To say the least, the evidence relating to the exact cause of the accident is indefinite and uncertain.
Whatever the attitude of this court may have previously been, ever since the decision in the case of Fink v. New York Central Rd. Co., 144 Ohio St., 1, 56 N. E. (2d), 456, the principle has been followed that the rule of res ipsa loquitur is applicable where (a) the instrumentality causing an injury was under, the exclusive management and control of the defendant and (b) the accident occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed. See, also, Renneckar v. Canton Terminal Restaurant, Inc., 148 Ohio St., 119, 73 N. E. (2d), 498 (first paragraph of the syllabus), and Soltz v. Colony Recreation *288 Center, 151 Ohio St., 503, 87 N. E. (2d), 167 (first paragraph of the syllabus).
Specifically, where a motor vehicle and the operation thereof are exclusively within the control of the driver, and a paying passenger in such motor vehicle is injured when the vehicle runs off the road, and the accident is unexplained and is one which is not commonly incident to the operation of a motor vehicle, the occurrence itself raises a permissible inference of negligence on the part of the driver and presents a question for submission to the jury in an action against the driver based on such injury. See Weller, Exrx., v. Worstall, 129 Ohio St., 596, 196 N. E., 637. Compare Scovanner v. Toelke, 119 Ohio St., 256, 163 N. E., 493.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Taet, Hart, Stewart and Lamneck, JJ., concur.
Middleton, J., dissents.