MERRITT *v.* DEACONESS HOSPITAL ET AL.

(No. A740121—Decided June 20, 1975.)

Court of Common Pleas of Hamilton County.

*Mr. Gerald R. Glaser,* for plaintiff.
*Mr. D. Marc Routt,* for defendant Charles F. Kiefer, M. D.
*Mr. Frank C. Woodside, III,* for defendant Deaconess Hospital.

BLACK, J. Plaintiff sues for injury to her eyes allegedly the result of the combined negligence of the defendants or the negligence of any one of them, which she claims occurred during the course of a surgical procedure in January, 1973. In her complaint filed in January, 1974, she sues the hospital, the anesthesiologist, and a physician. The physician named in her complaint was Dr. Giles A. DeCoursey, but he was dismissed from the case, with prejudice, on November 26, 1974, upon proof (1) that he died

8

in May, 1973, and (2) that he had neither performed the operation nor ever entered into any professional relationship with plaintiff. Plaintiff was aware on December 9, 1974, when her deposition was taken in this case that the operating physician was Dr. Neil DeCoursey. However, since the dismissal of Dr. Giles A. DeCoursey, no action has been taken by plaintiff to name Dr. Neil DeCoursey. As a result, there are only two defendants in this lawsuit: the hospital and the anesthesiologist.

Although defendants have filed two other motions, the motion for summary judgment filed on behalf of defendant Charles F. Kiefer, M. D. (the anesthesiologist), was submitted to the court on the basis of the pleadings, two depositions, plaintiff's answers to the hospital's interrogatories, and the affidavit of the executor of the estate of Dr. Giles A. DeCoursey, as well as the memoranda of counsel and informal oral argument.

Under these circumstances, the court must restrict its consideration to the pleadings, the depositions, the answers to interrogatories and the affidavit. Civ. R. 56 (E) states, in part:

"* * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

The appropriateness of rendering summary judgment depends upon three tests: whether there is a genuine issue as to any material fact; whether the moving party is entitled to judgment as a matter of law; and whether reasonable minds can come to but one conclusion and that conclusion is adverse to the plaintiff, who is entitled to have the evidence construed most strongly in her favor.

On January 11, 1973, plaintiff underwent a bilateral subtotal thyroidectomy performed by Dr. Neil DeCoursey (not a party) at Deaconess Hospital, with defendant Dr.

Charles F. Kiefer as anesthesiologist. The specific surgery was successful. As she regained her consciousness after the operation in the recovery room, plaintiff felt a sharp pain in her right eye. Her left eye was affected temporarily, but her right eye continues to be troublesome. She states her eyesight is adversely affected.

While plaintiff makes general allegations of negligence against the defendants, she does not allege any specific acts or omissions as specific negligence on the part of either or both of the defendants. She offers no expert testimony to substantiate her general charges of negligence.

The following answers by plaintiff to interrogatories propounded by defendant Deaconess Hospital will illustrate the nature and posture of plaintiff's claim:

*Interrogatory*: 10. As to each and every expert witness to be called on behalf of the plaintiff in this action, state:

(a) The subject matter on which the expert is to testify at trial;

*Answer*: I don't know

(b) The substance of the facts and opinions on which the expert is to testify at trial;

*Answer*: I don't know

(c) A summary of the grounds for each opinion to which the expert is to testify at trial;

*Answer*: I don't know

(d) The name and address of each and every witness to be called on behalf of the plaintiff.

*Answer*: I don't know

*Interrogatory*: 11. State whether or not oral or written statements have been solicited from any medical expert by plaintiff or counsel for plaintiff who has not been identified in the answers to prior interrogatories and whom plaintiff does not plan to call as an expert witness at trial, and, if so, state the name and address of each person from whom such an opinion was solicited.

*Answer*: Dr. Cyril Schrimpf, 180 McMillan, Cincinnati, OH, Dr. Joseph Levin, 7079 Colerain Avenue, Cincinnati, OH

*Interrogatory*: 16. For each item of ophthalmic damage indicated in the answer to the preceding interrogatory, state:

(a) The extent to which it is permanent;

*Answer*: I don't know as to right eye yet.

(b) The manner in which it was determined that there was ophthalmic damage and (if applicable) that it was permanent;

*Answer*: Dr. Joseph Levin checking on my eye in hospital and later

Dr. Cyril Schrimpf later after Dr. J. Levin Myself after coming out of the recovery room

(c) The person or persons who determined that there was ophthalmic damage and (if applicable) that it was permanent;

*Answer*: Dr. Joseph Levin, Dr. Cyril Schrimpf, Myself

(d) At what point in time it was determined that there was ophthalmic damage and (if applicable) that it was permanent;

*Answer*: Approximately 3 hrs. after the operation, recovery room

(e) The manner in which the alleged negligence of Deaconess Hospital allegedly caused such ophthalmic damage.

*Answer*: I don't know

The "evidence" indicates that the source of the difficulty with plaintiff's eyes was a viral corneal infection. There is absolutely nothing in the "evidence" which connects the infection, directly or indirectly, with any act or failure to act on the part of either or both of the two defendants.

This status of the "evidence" means that the plaintiff must rely on the doctrine of *res ipsa loquitur*, as is conceded by plaintiff's counsel. But this "evidence" does not constitute a sufficient foundation upon which to build cause of action.

"Generally, the doctrine of *res ipsa loquitur* is not applicable in malpractice actions in which its claimed applicability is based solely upon the fact that the treatment

was unsuccessful or terminated with poor or unfortunate results." *Oberlin* v. *Friedman* (1965), 5 Ohio St. 2d 1, paragraph three of the syllabus. A physician is not an insurer or guarantor of the results to be anticipated in a given surgical procedure. *Bowers* v. *Santee* (1919), 99 Ohio St. 361. A presumption of negligence is never indulged from the mere fact of injury, and the burden remains on plaintiff to prove defendant's negligence as a proximate cause of injury. *Ault* v. *Hall* (1928), 119 Ohio St. 422.

"The doctrine of *res ipsa loquitur* is applicable only where the instrumentality causing the injury was under the exclusive management and control of the defendant." *Oberlin* v. *Friedman, supra*, paragraph four of the syllabus. For the word "instrumentality" we may substitute a phrase such as "the set of conditions." The real question is whether the defendant or defendants had in fact exclusive management and control of that which caused the injury. It is only when reason and the common experience of mankind indicate that the injury would in all probability not have happened without the negligence of defendant while in exclusive control and management of an instrumentality or set of conditions, that the doctrine of *res ipsa loquitur* can be invoked; and then, only for the purpose of supplying an inference of negligence.

However, as illustrated by *Weller* v. *Worstall* (1935), 129 Ohio St. 596; *Fink* v. *New York Central Rd. Co.* (1944), 144 Ohio St. 1; and *Schafer* v. *Wells* (1961), 171 Ohio St. 506, cited by plaintiff Merritt, the instrumentality must be in defendants' exclusive control, and common sense must indicate that the injury had no way of happening without negligence by defendant. As it is often stated, the question is whether or not there were circumstances of such character as to warrant the conclusion that in the ordinary course of events, the injury would not have occurred if ordinary care had been observed.

This conclusion is not warranted in this case. In *Oberlin* v. *Friedman, supra*, the plaintiff sued the anesthesiologist, not joining the surgeon. Sustaining the trial court's instructions to the jury, after a verdict for the de-

fendant anesthesiologist, the Supreme Court, in *Oberlin,* at page 9, made the following remarks in the course of determining that the doctrine of *res ispa loquitur* was not applicable:

"Thus, in the instant case, the question immediately arises as to what 'instrumentality' caused plaintiff's injuries. It may have been either (1) what defendant injected into plaintiff, (2) something else which defendant or the nurse under his control did or failed to do, (3) something which the surgeon did or failed to do in performing the operation, or (4) physical frailties or natural reactions of plaintiff not induced by, nor undiscovered because of, any negligence of anyone."

While it is possible that there could be other causes in addition to the four suggested by the Supreme Court (such as, a viral infection of plaintiff's eyes which arose prior to her original entry into the hospital), the Supreme Court pointed out that although defendant could be held responsible for causes (1) and (2), he was certainly not in control of (3) and (4).

In the instant case, there are multiple possible causes of injury to this plaintiff's eyes which are beyond the control of either or both of these defendants; such as, negligence of the surgeon or one of his surgical assistants or nurses, physical frailty of the plaintiff for which defendants cannot be held responsible in any way, viral or other infections from sources and under conditions for which defendants cannot be held responsible. The doctrine of *res ispa loquitur* cannot be applied in this case. Plaintiff has presented no case upon which recovery can be awarded.

Construing the evidence most favorably to plaintiff, reasonable minds can only conclude that plaintiff has not presented a case for recovery. There is no genuine issue of any material fact on the evidence presented with this motion for summary judgment. Defendants are entitled to judgment as a matter of law.

Defendant's motion for summary judgment is well taken, and will be granted, thus dismissing this cause of action *in toto.*

*Cause dismissed.*