Preston, Judge,
dissenting.
{¶ 44} The majority’s opinion fails to hold Randy to his reciprocal burden under Civ.R. 56(E) to set forth facts showing a genuine issue for trial. As a result of this fundamental error, the majority opinion incorrectly concludes that a question of fact remains, fails to apply the open-and-obvious doctrine, and incorrectly applies the doctrine of res ipsa loquitur. Therefore, I respectfully dissent.
{¶ 45} The Smith Clinic moved for summary judgment primarily for two reasons: (1) that plaintiff failed to demonstrate a breach of duty and (2) that it owed Martha no duty of care since the automatic doors’ normal operation was an open and obvious danger. In his response brief at trial and on appeal, Randy offered no argument regarding the application of the open-and-obvious doctrine to the normal operation of the automatic doors; rather, Randy argued that the doctrine of res ipsa loquitur applied and that evidence existed demonstrating a breach of the clime’s duty of care. In fact, the trial court noted Randy’s lack of argument in its judgment entry: “Plaintiff did not address this issue in its response brief and therefore has not raised any genuine issue of material fact with regards to the operation of the open and obvious doctrine.”
*489 {¶ 46} Nevertheless, the majority concludes — with little analysis — that the open-and-obvious doctrine does not apply to the automatic doors in this case. Several courts have concluded otherwise when, like here, there is no evidence that the automatic doors malfunctioned. Brown v. Pet Supplies Plus (Aug. 26, 1999), 7th Dist. No. 98 CA 9, 1999 WL 689206; Cassani v. Meijer, Inc. (Mich.Ct.App.2003), No. 240486, 2003 WL 1365919, at *1; Rummel v. Henry Ford Health Sys. (Mich.Ct.App.2007), No. 271563, 2007 WL 1791955, at *1. See also Mann v. Tractor Supply Co. (S.D.Ohio 2010), No. 2:08-cv-569, 2010 WL 1856312, at *4-5 (open-and-obvious doctrine does not apply when the automatic door malfunctions); Horvath v. Fisher Foods, Inc. (App.1963), 93 Ohio Law Abs. 182, 28 O.O.2d 113, 194 N.E.2d 452, 455 (question of fact concerning abnormal operation of automatic door); Hoganson v. Menard, Inc. (W.D.Mich.2007), No. 2:04-cv-299, 2007 WL 4395534 (same). The evidence in this case demonstrated that the automatic doors were inspected just months prior to Martha’s accident and found to be working within ANSI safety standards. But for the accidents, there is simply a lack of evidence indicating a door malfunction in this case, and to avoid summary judgment, Randy was required under Civ.R. 56(E) to set forth specific facts indicating a malfunction. As an additional matter, the warning that Randy suggests should have been provided to patrons — “[d]on’t stop on the threshold” — declares the open-and-obvious nature of the hazard upon ordinary inspection by a reasonable person.
{¶ 47} The majority also incorrectly concludes that a question of fact remains concerning a breach of duty. Like in Gouhin v. Giant Eagle, there was simply a lack of evidence in this case demonstrating a breach of duty. 10th Dist. No. 07AP-548, 2008-Ohio-766, 2008 WL 500334. Rich Cole’s testimony concerning the operation of the Stanley “Stan-Guard” sensor is irrelevant to show a breach of duty because the Smith Clinic’s automatic doors were equipped with “OmniScan” sensors. When asked how Stan-Guard sensors differed from Omni-Scan sensors, Cole testified, “I don’t know. I don’t know what an OmniScan is or does. * * * [a]nd I had never heard of them before I saw it on the document here.” When asked if Stan-Guard sensors were technologically superior to Omni-Scan sensors, Cole testified, “Not better, just different. I don’t know that it was better or not, I don’t know what the OmniScan was, what it did.” In fact, the record indicates that Cole has never even seen the clinic’s automatic doors or sensors. Despite Cole’s lack of knowledge and his testimony that the clinic’s OmniScan sensor was operating within ANSI safety standards, the majority concludes that the clinic’s ability to replace the OmniScan sensors with better or additional safety sensors — including those not required by ANSI safety standards — demonstrates a breach of the clinic’s duty.
*490 {¶ 48} The majority’s decision is even more troubling because, in practice, it requires business owners to install safety devices beyond those ANSI safety standards require — at least to avoid tort liability. For example, the majority suggests that the clinic should have installed a sensor that would have held the doors open when someone/something was in the door’s path and immobile. This would have probably required that the clinic install a “holding beam,” which Cole testified that ANSI safety standards did not require at that time. The Smith Clinic could have reasonably relied upon Stanley Door’s conclusion that their automatic doors were compliant with ANSI safety standards. Reliance upon these national standards provides businesses with guidance in maintaining safe automatic doors. The majority’s opinion undermines this guidance and reliance. The majority has inappropriately replaced ANSI safety standards with its own.
{¶ 49} The majority also errs in concluding that the doctrine of res ipsa loquitur applies in this case. Again, Randy has failed to meet his burden to “adduce evidence” in support of the doctrine’s two required conclusions. Jennings Buick, Inc. v. Cincinnati (1980), 63 Ohio St.2d 167, 170, 406 N.E.2d 1385. In his response to the clinic’s motion for summary judgment, Randy merely alleged: “There should be no dispute * * * that at the time of the injury * * * the sliding glass doors to the main entrance to the Fredrick C. Smith Clinic was under the exclusive management and control of the defendant.” Likewise, on appeal, Randy failed to point to any evidence in the record upon which a rational trier of fact could conclude that the automatic doors were in the clinic’s exclusive management and control. In fact, Randy mistakenly asserted: “It is unrefuted that Defendant Clinic had exclusive management and control of the automatic sliding doors during the time in question.” The clinic, both in its reply brief in the trial court and in its appellate brief, strongly refuted that the automatic doors were in their exclusive control and management. Further, Randy has filed no reply brief with this court. ■ Aside from that, the doctrine is inapplicable here because the evidence affirmatively demonstrated that the accident could have occurred even if the OmniScan sensor was functioning properly and the doors were equipped with holding beams.
{¶ 50} Furthermore, the Court of Appeals in Ohio has rejected the application of the doctrine, finding that the business owners did not have exclusive management and control of the automatic doors since patrons control the doors’ operation. Knox v. Bag-N-Save Foods (Apr. 8, 1999), 5th Dist. No. 1998AP080100, 1999 WL 254518, at *3; Lewis v. Newburg Supermarket (Sept. 24, 1998), 8th Dist. No. 73238, 1998 WL 655491, at *4. See also Farina v. First Natl. Bank (1943), 72 Ohio App. 109, 27 O.O. 29, 51 N.E.2d 36 (manual revolving bank door). One district in Ohio found the doctrine applicable where the evidence affirmatively demonstrated “that automatic doors, when properly operating, do *491 not close on people.” Musial v. Tamarkin Co. (Sept. 1, 1994), 7th Dist. No. 98 C.A. 40, 1994 WL 813603, at *1. Cole’s testimony here was exactly the opposite. The majority ignores these Ohio decisions, and instead, relies upon cases from other states to reach its decision.
{¶ 51} For all these reasons, I respectfully dissent. I would overrule the assignments of error and affirm the trial court’s grant of summary judgment.