It is claimed the verdict was excessive. The evidence not only sustained the amount of the judgment but the amount of the verdict.

No error appears in the record or judgment, prejudicial to defendant, and such judgment may be affirmed.

*Judgment affirmed.*

MATTHEWS, P. J., ROSS and HILDEBRANT, JJ., concur in the syllabus, opinion and judgment.

KALTENBACH, APPELLEE, *v.* CLEVELAND, COLUMBUS & CINCINNATI HIGHWAY, INC., ET AL., APPELLANTS.

(No. 20836—Decided March 5, 1948.)

*Messrs. Davis, Davis & Handelman,* for appellee.

*Messrs. Duncan & Thomas,* for appellant Cleveland, Columbus & Cincinnati Highway, Inc.

*Mr. Robert J. Shoup* and *Mr. Richard C. Green,* for appellant city of Cleveland.

DOYLE, J. Plaintiff was a passenger on a streetcar of The Cleveland Transit Company which proceeded easterly on Lorain avenue. Contemporaneously a tractor and semi-trailer of the Cleveland, Columbus & Cincinnati Highway, Inc., was being driven westerly on the same street. A panel truck was double-parked between the west-bound car tracks and the north curb of the street. When the driver of the tractor-trailer approached the double-parked truck, he turned his vehicle to the left, crossed the west-bound car tracks, proceeded on beyond the space between the double tracks and onto the east-bound tracks. He then, after passing the double-parked vehicle, turned back toward the right side of the street; but before he could drive his equipment ''clear'' of the east-bound tracks, the streetcar upon which the plaintiff was riding ''rubbed and scraped'' the rear end of his unit.

It is the claim of the passenger that ''through the concurrent, joint and separate carelessness, recklessness, negligence and unlawful conduct of this defendant (The Cleveland Transit System) * * * and of the defendant The Cleveland, Columbus & Cincinnati Highway, Inc., * * * the streetcar * * * and (the) truck * * * collided with great force and violence, hurling plaintiff to the floor of the streetcar * * *, and plaintiff says that the speed with which she was precipitated to the floor of said streetcar was greatly accelerated as a result of the negligence of the defendant The Cleve-

land Transit System, in failing to bring the aforesaid streetcar to a stop with proper care, but instead applying the brakes so as to cause a sudden and unusual jerk.''

Each of the defendants, the City of Cleveland (as operator of The Cleveland Transit System), and The Cleveland, Columbus & Cincinnati Highway, Inc., was specifically charged with various acts of negligence which it is claimed proximately resulted in plaintiff's injuries.

A jury in the Court of Common Pleas of Cuyahoga county awarded substantial damages to the plaintiff against both defendants, and the judgment entered thereon is the final order from which each defendant has appealed.

The second amended petition of the plaintiff specifically charged The Cleveland, Columbus & Cincinnati Highway, Inc., with negligence in the following respects:

''1. That this defendant, through its regularly employed agent and servant, wrongfully, negligently and unlawfully failed to have its motor truck under proper and reasonable control;

''2. That this defendant wrongfully, negligently and unlawfully failed to use ordinary care in keeping a proper lookout for the aforementioned streetcar;

''3. That this defendant wrongfully, negligently and unlawfully failed to check the speed of its motor truck, so that it might avoid colliding with said streetcar;

''4. That this defendant, through its agent, drove its truck beyond the center line of said street and over on its left side of the street, where said streetcar was coming;

''5. That this defendant, through its agent, failed to operate its motor truck in such a manner as to bring it to a stop within the assured clear distance ahead;

"6. That this defendant, by its agent, wrongfully, negligently and unlawfully failed to yield the right of way to the regular flow of traffic going on said Lorain street, a main public highway in the city of Cleveland."

The pleading likewise charged specific acts of negligence against The Cleveland Transit System. It charged:

"1. That this defendant, by its agent and employee, was negligent in failing to keep its streetcar under proper control at said time;

"2. That this defendant, by its agent and employee, was negligent in failing to bring said streetcar to a stop when the operator of said streetcar had seen, or in the exercise of ordinary care should have seen, the peril they were confronted with as a result of the truck of the defendant The Cleveland, Columbus & Cincinnati Highway, Inc., turning from the center of the street into the path of said streetcar;

"3. That this defendant, by its agent and employee, failed to sound a gong or claxon, warning the truck operator of the danger of collision between the streetcar and said motor vehicle;

"4. That this defendant, by its agent and employee, failed to keep a proper lookout for other vehicular traffic on said highway, and thereby avoiding an accident and protecting its passengers, including this plaintiff, from injury;

"5. That this defendant, by its agent and employee, immediate at the collision, applied the brakes to its streetcar in such a manner as to cause a sudden, unnecessary and unusual jerk, accelerating the speed with which this plaintiff was precipitated to the floor of the streetcar."

On the trial, evidence was introduced by the plaintiff tending to support these claims of negligence. Likewise, the defendants introduced evidence in support of their respective general denials.

Thus stood the litigants when the court charged the jury. The issues of negligence were clearly defined in the pleadings, and in no instance did the plaintiff complain of nor allege *a want of knowledge in respect of the negligence* which was claimed gave rise to a right of action.

Consideration will be first given to the charge of the trial court, in which it is claimed the jury was erroneously instructed on the doctrine *res ipsa loquitur.* The court in part charged the jury as follows:

"* * * and then she (the plaintiff) continues and makes certain allegations or claims of negligence against each and both of these defendants.

"Those allegations of negligence as against The Cleveland, Columbus & Cincinnati Highway, Inc., and the city of Cleveland operating the streetcar system, are not important in this case. The thing that is of importance in this case is that the plaintiff must prove to you by a preponderance of the evidence that she received injuries as a result of this collision. I will call it a collision, no matter how severe that collision was, it was a collision because it is conceded and admitted in this case that there was contact between this truck and this street car, and that will be the first issue for you to determine. * * *

"That second amended petition and those two answers—one by The Cleveland, Columbus & Cincinnati Highway, Inc., and the other by the city of Cleveland— make up the issues in the lawsuit; and, as I said to you at the outset, the first issue which you will determine is whether or not the plaintiff has proved to you by a preponderance of the evidence that she was injured as a result of this collision. * * *

"Collisions such as this kind do not just happen. There is a cause for this collision, and the fact that this plaintiff was a passenger upon this streetcar and that there was a collision between this truck and this

streetcar raises what in law is known as a *prima facie* case. That simply means that the fact that this collision occurred between this truck and this streetcar calls upon each defendant for an explanation; an explanation as to the conduct of its driver in the case of the trucking company, and an explanation on the part of the city of Cleveland for the act of its motorman. * * *

"When I say to you that the fact that a collision occurred raises a *prima facie* case in favor of this plaintiff as against both defendants, that does not mean that either defendant must prove to you by a preponderance of the evidence that the defendant, the trucking company's driver, exercised ordinary care in the manner in which he controlled and operated the truck; it does not require that the·trucking company prove that to you by a preponderance of the evidence. It means that the trucking company must explain the conduct of its driver so as to meet that *prima facie* case, and to meet that *prima facie* case you must find the driver of the truck at and immediately prior to the collision was in the exercise of ordinary care in the manner and method in which he controlled the truck.

"Likewise, the defendant the city of Cleveland must meet that *prima facie* case, and it meets that *prima facie* case by your finding under a preponderance of all the evidence in the case that its motorman in charge of the operation of that streetcar at and just prior to the collision was in the exercise of the highest degree of care consistent and commensurate with the practical operation of the streetcar. * * *

"Either one or the other, or both, of these defendants, are responsible to this plaintiff in damages, provided she has shown you by a preponderance of the evidence, that is, proven to you by a preponderance of the evidence, that she received injuries directly as the the result of this collision."

■ The Supreme Court of this state has well stated that "This doctrine (*res ipsa loquitur*) has been the subject of much confusion and great divergence of opinion. The adjudicated cases and the text writers are not in agreement as to what the doctrine really is or how or when it should be applied." *Fink* v. *New York Central Rd. Co.*, 144 Ohio St., 1, at p. 4, 56 N. E. (2d), 456.

It may be said, however, that it is now established in this state that the doctrine does not apply to cases when the pleadings assert specific acts of negligence against a defendant or defendants and there is direct evidence (even though of such a character that different inferences could be reasonably drawn therefrom) as to the precise cause of the injury, and all of the facts and circumstances attending upon the occurrence appear.

"1. The doctrine of *res ipsa loquitur* is not applicable in a case where the petition and proof disclose that plaintiff had knowledge of the facts and circumstances showing the claimed negligence of defendant." *Winslow* v. *Ohio Bus Line Co.*, 148 Ohio St., 101, 73 N. E. (2d), 504.

This rule is supported by the general theory set out in 38 American Jurisprudence, Negligence, Section 297, and its supporting authorities. It is:

"The distinctive function of *res ipsa loquitur* is neither to permit the characterization of the tolerance of known conditions, defective instrumentalities, or improper methods of work, as negligence *per se*, nor to permit the inference of unknown faults of omission or commission constituting negligence from circumstances, in addition to the bare physical cause of the accident, tending of their own force to establish negligence, but rather to permit an inference of negligence as the responsible human cause of the accident from

the accident itself in connection with its bare physical cause, including in the conception of physical cause the defendant's control of the instrumentality or place connected with the accident, without the aid of any evidence, direct or circumstantial, extrinsic or intrinsic, indicating negligence in the instant case. In other words, in the situation to which *res ipsa loquitur* as a distinctive rule applies, there is no evidence, circumstantial or otherwise, at least none of sufficient probative value, to show negligence, apart from the postulate, which rests on common experience and not on the specific circumstances of the instant case, that physical causes of the kind which produced the accident in question do not ordinarily exist in the absence of negligence, that is, in the absence of a breach of duty such as defendant owed to plaintiff. Rejection of the doctrine of *res ipsa loquitur* does not mean that negligence may not be established by circumstantial evidence as well as by direct evidence.''

The doctrine *res ipsa loquitur* is based, at least in part, on the theory that the defendant in charge and control of the instrumentality which causes the injury either knows the cause of the accident or has the best opportunity of finding out the cause, and that the plaintiff has no such knowledge, and is therefore compelled to rely upon the proof of the happening of the accident in order to establish negligence.

Using the above-stated rules of law as premises, it follows in logical order that the pleadings and proof presented by the injured lady to the court and jury preclude the application of the doctrine.

■ The rule *res ipsa loquitur* in Ohio is one of evidence, which permits a jury, but not the court in a jury trial, to draw an inference of negligence when the instrumentality causing the injury was under the exclusive management and control of the defendant, and the accident occurred under such circumstances

that, in the ordinary course of events, it would not have occurred if ordinary care had been observed. *Fink* v. *New York Central Rd. Co., supra; Glowacki, a Minor,* v. *North Western Ohio Ry. & Power Co.,* 116 Ohio St., 451, 157 N. E., 21, 53 A. L. R., 1486.

It is not a rule of substantive law, and, contrary to many jurisdictions, does not create a presumption of negligence.

It seems apparent from the part. of the charge to the jury, heretofore set out, that the trial court attempted to apply the rule here discussed. And while the charge, taken as a whole, might be said to be the application of a modified version of the rule, the part heretofore quoted was sufficient to mislead the jury in its application of the proper rules of law to the facts adduced in support of the pleadings, and was prejudicial to the rights of both defendants.

Contrary to the charge of the court, (1) the allegations of negligence were important; (2) the defendants were not called upon to explain their conduct as a precedent requirement to a verdict in their favor; (3) the jury was not called upon to find that the respective servants of the defendants were exercising a particular degree of care in order that a *prima facie* case against them was successfully "met."

The burden of proof was upon the plaintiff to prove her case by a preponderance of the evidence. It was her duty to prove that the negligence of either one or both of the defendants proximately caused her injuries. Her burden of persuasion never shifted. She at no time was entitled to the benefit of an inference of negligence from the mere happening of the collision. It was her burden, before she was entitled to a verdict, to prove her charges of negligence, and injuries proximately resulting therefrom.

There is evidence in this record from which a jury might reasonably conclude that the accident proxi-

mately resulted from one or several acts of negligence. The double-parked truck, the motioning forward of the driver of the tractor-trailer by the driver of the parked truck, and the response to such signal, is evidence which could be properly weighed by the jury in its appraisement of the issues of negligence and proximate cause of the respective defendants; likewise, other evidence of the conduct of the respective servants of the defendants is such that reasonable minds could reach different conclusions on the question of culpable negligence.

The facts of this case do not fall within the following rules, pronounced in *Winslow* v. *Ohio Bus Line Co.,* *supra*:

"2. Where the facts pertaining to any issue are neither contradicted nor permissive of conflicting inferences, when they are clearly settled and the course dictated by ordinary care can be so clearly discerned as to permit but a single inference, there is nothing proper for submission to a jury. Such issue is to be decided by the trial court as a matter of law and the jury instructed accordingly.

"3. If all the material facts touching the alleged negligence admit of no rational inference but that of negligence, the question of negligence becomes a matter of law merely and the court should so charge the jury. * * *"

Epitomizing our conclusions heretofore stated: The court's charge to the jury was prejudicially erroneous as against both defendants. The petition and proof disclose "that the plaintiff had knowledge of the facts and circumstances showing the claimed negligence" of the defendants. It was incumbent upon her to prove injuries which proximately resulted from the negligence of either one or both defendants before recovery. She was not entitled to an inference of negligence

20

from the mere happening of the accident under the doctrine *res ipsa loquitur*.

■ Examination has been made of the remaining claimed errors urged in argument, and we find them to be not of a prejudicial character.

The judgment is reversed and the cause remanded.

*Judgment reversed.*

HURD, P. J., and SKEEL, J., concur.

DOYLE, P. J., of the Ninth Appellate District, sitting by designation in place of MORGAN, J.