*394
 
 Turner, J.
 

 The question before us is whether either Mr. Purdy or his wife was guilty of contributory negligence as a matter of law.
 

 It needs no citation of authority to establish that if Mrs. Purdy was guilty of negligence which was a proximate cause of her injury, no recovery may be had.
 

 If Mr. Purdy was guilty of such contributory negligence, no recovery may be had in this case. (The allegations of the amended petition show that Mr. Purdy is the only heir and next of kin.) (See
 
 Wolf, Admr.,
 
 v.
 
 Lake Erie & Western Ry. Co.,
 
 55 Ohio St., 517, paragraph 3 of the syllabus, 45 N. E., 708.)
 

 The weight of the evidence is not involved. It was the duty of the trial court to view the evidence and the' reasonable inference from it in the light most favorable to plaintiff.
 

 In the case of
 
 Wilkeson, Admr.,
 
 v.
 
 Erskine & Son, Inc.,
 
 145 Ohio St., 218, 61 N. E. (2d), 201, we held:
 

 “2.
 
 Where a defendant, at the close of all the evidence, moves the court to direct a verdict in its favor,, the plaintiff is entitled to have the evidence construed most strongly in his favor.
 
 (Hamden Lodge
 
 v.
 
 Ohio Fuel Gas Co.,
 
 127 Ohio St., 469, approved and followed.)
 

 “3. Where, on the trial of a cause, substantial evidence has been introduced from which it might reasonably be concluded that defendant was guilty of negligence which was the proximate cause of plaintiff’s injury, the court may not sustain defendant’s motion to direct a verdict. The test is not whether the trial judge would set aside a verdict in favor of plaintiff on the weight of the evidence.
 
 (Ibid.)”
 

 Under the circumstances of the instant case the trial' court should have taken into consideration that Mrs. Purdy had the right to assume that defendant would obey the law by keeping his car under such control as-would enable him to stop within the assured clear dis-
 
 *395
 
 lance ahead. (Section 6307-21, General' Code.) The evidence shows that twenty-five to thirty cars had passed Mrs. Purdy without injury to her prior to the accident and during the time she was helping her husband.
 

 In the case of
 
 Trentman
 
 v.
 
 Cox,
 
 118 Ohio St., 247, 160 N. E., 715, it was held:
 

 “2.
 
 The failure of a pedestrian to anticipate negligence on the part of the driver of the automobile does not defeat an action for the injury sustained.”
 

 We know of no statute requiring a motorist to park his car on either the right or left side of a country highway where there is no curb. Whether parking on the divider strip would constitute contributory negligence was a question of fact to be determined by the jury under all the evidence.
 

 We call attention to Section 6307-64, General Code, and particularly to paragraph (b) thereof. Such section provides:
 

 “(a) Upon any highway outside of a business or residence district no person shall stop, park, or leave •standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway when it is practicable to stop, park, or so leave such vehicle off such part of said highway, but in every event a clear and unobstructed portion of the highway opposite such standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicle shall be available from a distance of two hundred feet in each direction upon such highway.
 

 “(b) This section shall' not apply to the driver of any vehicle which is disabled while on the paved or improved or main traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such disabled vehicle in such position.”
 

 
 *396
 
 Whether the facts in the instant case brought the driver of this disabled car within the exception was a jury question under the circumstances of this case.
 

 The law question here is decided upon the facts of this particular case without intention of modifying the law as announced in previous cases.
 

 Being of the opinion that plaintiff’s evidence, together with the reasonable inferences from it when construed most favorably for the plaintiff, does not show contributory negligence as a matter of law on the part of either Mr. or Mrs. Purdy, the judgment of the Court of Appeals should be and hereby is affirmed.
 

 Judgment affirmed.
 

 Weygandt, . C. J., Matthias, Hart, Zimmerman and Stewart, JJ., concur.