**McANDREWS v. E. W. BLISS CO.**

No. 11165.

United States Court of Appeals
Sixth Circuit.

Jan. 25, 1951.

500

Clinton J. Wall, Youngstown, Ohio (Clinton J. Wall, Youngstown, Ohio, on the brief), for appellant.

James A. Butler, Cleveland, Ohio (James A. Butler, Cleveland, Ohio, of counsel: Bulkley, Butler & Rini, Cleveland, Ohio, on the brief), for appellee.

Before HICKS, Chief Judge, and SIMONS and ALLEN, Circuit Judges.

PER CURIAM.

Appellant sued appellee for damages for personal injuries. Upon the trial and at the close of all the evidence, upon motion of appellee, the court granted peremptory instructions in its favor; hence this appeal.

The Eichleay Corporation, herein called Eichleay, as an independent contractor was engaged in dismantling a "dead" overhead travelling crane at appellee's plant and in erecting a new one to replace it. Norman O. Price was foreman for Eichleay and in charge of the work. At the request of Price, Michael Ulitchny, maintenance foreman for appellee, assigned one Jerry Hall, a crane operator for appellee, to assist the Eichleay crew of workmen in dismantling the dead crane. In his work Hall was under the sole direction of Price and Price, from the floor below, directed Hall, located in the cab of a "live" crane overhead, to move the crane slowly until it came in contact with the crane to be dismantled. Hall obeyed the order and in its performance the live crane bumped into the dead one, upon which appellant was at work in disconnecting certain parts thereof, and as a result appellant was injured.

Laying to one side the question of whether Price or Hall were negligent, we have here a situation where Hall, although a general employee of appellee, was at the time of the accident in the special service of Eichleay, who, with reference to the details of the work, was an independent contractor over whom appellee had no control whatever.

Upon these facts we think the district court was right in granting the motion for peremptory instructions and in entering judgment for appellee. Further, we concur in the conclusion of the district court that the Ohio Statutes, Sections 871-15 and 871-16 of the General Code of Ohio, have no application here. There is no evidence that appellee violated any duty required of it by these statutes.

Affirmed.