Motorists Mutual Ins. Co. et al., Appellees, v. Calland, Appellant.

544

(No. 470—Decided September 18, 1952.)

*Messrs. Berry, McCulloch, Felger & Fite,* for appellees.

*Messrs. Shipman & Shipman* and *Mr. William M. Harrelson,* for appellant.

WISEMAN, J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Miami County, which reversed the Municipal Court of Piqua, Ohio.

The action grew out of an automobile collision. At the time and place of the collision, the plaintiff's automobile was parked on the south side of a road which extended in a northeasterly and southwesterly direction. The left wheels of plaintiff's automobile were about one foot on the paved portion of such road and the automobile was headed in a northeasterly direction. The defendant was driving his automobile in a southwesterly direction and crossed from the southbound traffic lane to the north-bound traffic lane and collided with plaintiff's automobile causing damage.

Plaintiff alleged that defendant was negligent (1) by operating his automobile at a speed which was greater than reasonable and proper; (2) by operating his automobile on the south side of the road; (3) by failing to keep his automobile under proper control; and (4) by failing to slacken his speed or divert his automobile to avoid striking the automobile of the

plaintiff. The defendant in his answer admitted that he was involved in an automobile accident at the time and place as indicated in the petition involving the automobile of the plaintiff.

Upon the trial of the case, the plaintiff was unable to produce any eye witnesses to the accident. There was submitted proof that defendant's automobile was seen approaching the place of the accident some distance north of the place where the plaintiff's automobile was parked. There is evidence and the defendant in his answer admitted that the two automobiles collided. The evidence shows further that the plaintiff's automobile was parked as far off the road as possible. The evidence shows also that the defendant's automobile was being driven southwesterly on the north side of the road immediately before the collision, and that plaintiff's automobile was parked on the south side of the road. The cause of the collision was unexplained by the evidence. At the close of the plaintiff's case, a motion to dismiss was sustained by the trial court on the ground of insufficient evidence.

Upon appeal to the Common Pleas Court, the judgment was reversed by reason of the applicability of the doctrine of *res ipsa loquitur*.

Does the evidence presented require the application of the doctrine of *res ipsa loquitur?* We think it does. The cause of the collision was unexplained, and the defendant had control of the automobile which caused the collision. In 29 Ohio Jurisprudence, 631, Section 153, it is stated:

"The doctrine of *res ipsa loquitur* asserts that whenever a thing which produced an injury is shown to have been under the control and management of the defendant, and the occurrence is such as in the ordinary course of events does not happen if due care has been exercised, the fact of injury itself will be deemed to afford sufficient or reasonable evidence to support

a recovery, in the absence of any explanation by the defendant tending to show that the injury was not due to his want of care.''

The evidence presented in this case meets the requirements for the proper application of the doctrine, and the trial court should have overruled the motion to dismiss.

The doctrine of *res ipsa loquitur* is a rule of evidence and need not be pleaded. The plaintiff may rely upon the application of the doctrine of *res ipsa loquitur* if the evidence presented requires its application, even though the plaintiff in the petition has alleged specific acts of negligence. This court in *Pierce* v. *Gooding Amusement Co.,* 55 Ohio Law Abs., 556, 90 N. E. (2d), 585, held:

''A plaintiff who pleads and proves the requisite operative facts has the right to rely on the doctrine of *res ipsa loquitur* notwithstanding the fact that specific negligence is pleaded but not proved.''

See, also, 29 Ohio Jurisprudence, 650, Section 164.

In our opinion, the Common Pleas Court correctly applied the doctrine and reversed the judgment of the trial court. Finding no error in the record prejudicial to the appellant, the judgment is affirmed, and the cause is remanded.

*Judgment affirmed.*

HORNBECK, P. J., and MILLER, J., concur.