MANKER, APPELLANT, *v.* SHAFFER, APPELLEE.

(No. 2222—Decided April 10, 1953.)

*Messrs. Harrison, Spangenberg & Hull* and *Mr. Herbert M. Eikenbary,* for appellant.
*Messrs. Matthews & Altick,* for appellee.

*Per Curiam.* This is an appeal on questions of law from a judgment of the Common Pleas Court of Montgomery County.

Plaintiff, appellant herein, while riding in an automobile driven by defendant, suffered injuries when the automobile left the road and collided with a tree. There is evidence supporting the claim that plaintiff and other occupants of the automobile were on the way to work, and that the defendant received compensation from the plaintiff for such transportation. At the close of plaintiff's case, the court directed a verdict for the defendant.

Plaintiff assigns as error, the directing of the verdict for defendant; that the verdict is contrary to law; that the verdict is against the manifest weight of the evidence; and that there are other errors appearing upon the record. The weight of the evidence is not involved, and other errors apparent upon the record are not discussed in the briefs. Therefore, the sole error for our consideration is whether the court should have directed a verdict for the defendant.

The trial court held that the evidence did not show negligence on the part of the defendant, and that reasonable minds could not differ on the proposition that there is no evidence from which an inference could be drawn that defendant was negligent. The plaintiff contends that the doctrine of *res ipsa loquitur* applies, and that in the application of the doctrine, the case should have been submitted to the jury.

The plaintiff in his amended petition made four specific allegations of negligence, as follows:

"Plaintiff says that at the time herein referred to the defendant was negligent in the following respects:

"(1) In so directing the course of said automobile as to cause it to leave said highway.

"(2) In failing to keep said automobile under control.

"(3) In operating said automobile at a rate of speed greater than was reasonable and proper under all of the circumstances then and there existing, to wit: 50 miles per hour.

"(4) In so directing the course of said automobile as to cause it to run off said road and against a tree alongside said road."

There is one allegation in the amended petition which may be construed as a general allegation of negligence.

Some evidence was presented in support of the specific charges of negligence, but such evidence fell short of proving negligence on the part of the defendant.

The pleading of specific acts of negligence does not necessarily prevent the application of the doctrine of *res ipsa loquitur* in a proper case. *Pierce* v. *Gooding Amusement Co., Inc.,* 55 Ohio Law Abs., 556, 562, 90 N. E. (2d), 585.

In the case at bar, the facts are that the plaintiff was seated in the rear seat of defendant's station wagon, along with eight other occupants and the driver. The accident happened in the early morning hours. It had been raining, and the road was wet. The plaintiff testified that he felt the automobile swerve and called to the defendant to keep it on the road. Immediately the automobile left the road on the right side, travelled some distance in a ditch, and stopped when it collided with a tree. Before leaving the road the automobile was travelling between 40 and 50 miles per hour. The plaintiff offered no evidence as to why the automobile swerved, or why it left the road. The fact is established that the plaintiff was injured by reason of the

automobile leaving the road and crashing into the tree.

The doctrine of *res ipsa loquitur* "is a rule of evidence which permits the jury, but not the court in a jury trial, to draw an inference of negligence, where the instrumentality causing the injury is under the exclusive management and control of one of the parties, and an accident occurs under circumstances where, in the ordinary course of events, it would not occur when ordinary care is observed." 29 Ohio Jurisprudence, 635, Section 156.

Do the facts proven require the application of the doctrine? The doctrine was applied in *Zwick* v. *Zwick*, 29 Ohio App., 522, 163 N. E., 917, where the driver of an automobile permitted the steering wheel to escape her control, throwing the vehicle against poles at a street corner: in *Nassar, Admr.*, v. *Interstate Motor Freight System*, 58 Ohio App., 443, 451, 16 N. E. (2d), 832, where a motor truck, while being driven along a highway and without coming in contact with any obstacle, left the road and plunged into a creek; and in *Scovanner* v. *Toelke*, 119 Ohio St., 256, 163 N. E., 493, where a motor vehicle was being operated along a thoroughfare and left such thoroughfare and collided with and damaged an adjoining building.

The plaintiff called the defendant to testify as if under cross-examination, and defendant testified that the automobile slipped or swerved when it passed over a broken or slippery spot in the road. This testimony, given by the defendant when called to testify as if under cross-examination, does not prevent the application of the doctrine of *res ipsa loquitur*. On a motion to direct a verdict at the end of the plaintiff's case, the evidence should be construed most favorably in favor of the plaintiff. The plaintiff is entitled to go to the jury on his evidence. *Fink* v. *New York Central Rd.*

*Co.,* 144 Ohio St., 1, 56 N. E. (2d), 456. In that case the court held that the trial court, in a jury trial, in a case which calls for the application of the rule of *res ipsa loquitur*, is without authority to declare, as a matter of law, that the inference of neglect which the jury is permitted to draw has been rebutted or destroyed by an explanation of the circumstances offered by the defendant, and such action on the part of the trial court is an invasion of the province of the jury. Moreover, in the case at bar, the explanation offered by the defendant was not given in defense, but was given by the defendant when the plaintiff called him to testify as if under cross-examination.

In our opinion, it could not be said that reasonable minds might not differ as to negligence of the defendant. The motion to direct a verdict should have been overruled.

Since we find error in the record prejudicial to the rights of plaintiff, appellant, the judgment is reversed, and the cause is remanded for further proceedings according to law.

*Judgment reversed.*

Wiseman, P. J., Miller and Hornbeck, JJ., concur.