**SIELING, Plaintiff-Appellant, v. MAHRER, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22743. Decided June 10, 1953.

Boer, Mierke, Thomas, McClelland & Handy, Cleveland, for plaintiff-appellant.

Miller, Davis & Folk, Cleveland, for defendant-appellee.

(DOYLE, PJ, STEVENS, J, HUNSICKER, J, of the Ninth District sitting by designation.)

## OPINION

By STEVENS, J:

Plaintiff sued defendant, a physician and surgeon who limited his practice to radiology, to recover for injuries allegedly resulting from the malpractice of defendant. Trial to a jury resulted in a verdict and judgment for defendant, from which judgment plaintiff has appealed upon questions of law.

The petition filed by plaintiff contained four specifications of negligence, as follows:

"Plaintiff further says that defendant was careless and negligent in diagnosing her physical condition and subjecting her to x-ray therapy on May 20, 1944, and thereafter, when he knew such treatment was highly dangerous and frequently resulted in destruction of the skin and other tissues of the body.

"Plaintiff further says that defendant was careless and negligent in subjecting her to x-ray therapy on May 20, 1944 when he knew, or should have known, that her physical condition did not require said therapy; that said treatment was highly dangerous and likely to result in severe injury to the skin and tissues of plaintiff's body.

"Plaintiff further says that in the process of said treatment, the defendant carelessly, negligently and unskillfully exposed the plaintiff's body to roentgen rays of such excessive strength and intensity and for such excessive periods of time that as a direct and proximate result thereof the plaintiff sustained the injuries hereinafter described.

"Plaintiff further says that she remained thereafter in the care of the defendant until the month of November, 1949, during which period of time the defendant negligently prescribed for and treated the plain-

tiff for the purpose of reducing the injuries so by her sustained as a result of the x-ray therapy, but that said treatment was of no effect, and contrary to good medical practice, and the condition above described continued unabated; that all defendant's efforts to give plaintiff relief having failed, she, the plaintiff, did during the month of January, 1950, submit to so-called plastic surgery for the removal and replacement of said burned tissues, and she is currently hospitalized in connection therewith."

Upon motion of defendant, the first three specifications of negligence were withdrawn from the consideration of the jury at the conclusion of plaintiff's case and the cause was submitted upon the last specification above set forth.

It is urged by appellant that the court erred in withdrawing from the jury the first three specifications of negligence.

We have read with care the entire bill of exceptions in this case and we are unanimously of the opinion that the plaintiff's own evidence not only justified but required the trial court to withdraw those claims of negligence from the jury because of a complete failure of proof to substantiate them.

It is next claimed that the court erred in refusing to charge the jury upon the doctrine of res ipsa loquitur in the general charge, as requested by plaintiff.

The petition of plaintiff pleaded, and her evidence was addressed to the establishment of, negligence of the defendants in diagnosing and treating plaintiff's disability.

The general rule as to the application of the doctrine of res ipsa loquitur is stated in 70 C. J. S. Physicians and Surgeons, Sec. 62a, as follows:

"The doctrine * * * is not applicable * * * in cases involving the diagnosis and scientific treatment. Furthermore, the doctrine cannot be invoked in aid of specific charges of negligence, and is inapplicable where the complaint alleged and plaintiff affirmatively showed how his injuries were inflicted."

Speaking of the doctrine in the case of **Kaltenbach v. C. C. C. Highway Inc., 82 Oh Ap 10,** Judge Doyle of this court stated:

"2. The principle does not apply, **inter alia** (a) when specific acts of negligence, claimed to have proximately caused the injuries, are pleaded by the injured person and evidence is introduced tending to support such claims of culpable conduct * * * "

We conclude that the trial court did not err in its refusal to charge upon the doctrine of res ipsa loquitur as requested by plaintiff.

The next assigned error is that,

"the trial court erred in refusing to grant plaintiff's request to instruct the jury that the first three items of negligence contained in plaintiff's petition had been withdrawn from their consideration by the court, and that they were not voluntarily withdrawn by the plaintiff."

The appellant relies upon **Lewistown Foundry & Machine Co. v. Hartford Stone Co., 92 Oh St 76.** However, the first paragraph of the syllabus of that case states:

"1. Where no evidence is offered upon an issue joined by the

pleadings in the case, the trial court is not required to charge the jury upon such issue, but, on the contrary, should direct the jury not to consider it."

That is precisely what the trial court did in this case.

We find no prejudicial error under this specification of error.

As to the other errors assigned, they have been considered, and we find no prejudicial error as to any of them.

Judgment affirmed.

DOYLE, PJ, HUNSICKER, J, concur.