HARTFORD FIRE INS. CO., APPELLANT, *v.* HENRY J. SPIEKER CO. ET AL., APPELLEES.[*]

*Motion to certify the record overruled, May 22, 1957.

*Messrs. Ohlinger, Koles, Wolf & Flues,* for appellant.
*Messrs. Shumaker, Loop & Kendrick,* for appellees.

DEEDS, J. This appeal on questions of law is from a judgment of the Court of Common Pleas entered upon the verdict of a jury directed by the court at the close of the plaintiff's case. The assignment of errors filed by plaintiff-appellant are:

"1. In directing a verdict in favor of defendant at the close of plaintiff's evidence, and in entering judgment thereon.

"2. In admitting evidence on cross-examination which was irrelevant, immaterial, incompetent and a legal conclusion of the witness."

Plaintiff-appellant, Hartford Fire Insurance Company, will be referred to herein as plaintiff, and defendant-appellee, Henry J. Spieker Company, as the defendant.

Plaintiff alleged in its petition in the Court of Common Pleas that plaintiff had been subrogated to the rights of the George Gradel Company, a partnership, referred to herein as Gradel Company, as a result of the payment to the partnership by plaintiff of a sum as damages, pursuant to the terms of a certain policy of insurance covering a Bucyrus-Erie Mobile Crane, claimed by plaintiff to have been damaged as the result of negligence on the part of defendant.

The plaintiff alleged in the petition, in substance, that the Gradel Company rented and loaned the mobile crane and two employees as operators of the equipment to the defendant for use by the defendant at the plant of the Willys-Overland Motors, Inc., and that the mobile crane and operators were under the exclusive supervision and control of the defendant while certain work was being performed by the defendant at that plant.

Plaintiff alleged further, in substance, that on April 24, 1953, the defendant, by its superintendent, negligently directed

the operators of the mobile crane to move three loaded coal cars from a standing position at the summit of an incline, by attaching the forward end of the truck of the mobile crane to the leading freight car and that in attempting the movement of the freight cars down the incline, the employees of the defendant who had been placed upon the cars to control their movement by the application of hand brakes negligently permitted and allowed the loaded cars to force the mobile crane against a concrete abutment, resulting proximately in damage to the equipment in the amount of $4,806.29, for which sum plaintiff prayed for judgment against the defendant.

The plaintiff charged in the petition that the defendant was guilty of specific negligent acts and omissions as follows:

"1. In that defendant Henry J. Spieker Co. acting by and through its duly authorized agents and employees, attempted to move said cars of coal in an improper and negligent manner.

"2. In that defendant Henry J. Spieker Co., acting by and through its duly authorized agents and employees, directed the movement of said cars of coal by placing said crane on the tracks in the path of said cars of coal, when it knew, or in the exercise of ordinary care should have known, that said cars of coal would collide with said crane when they came down the grade.

"3. In that defendant Henry J. Spieker Co. acting by and through its duly authorized agents and employees, failed to provide proper precautions for braking and stopping said cars of coal although it knew, or in the exercise of ordinary care should have known, that said cars of coal would collide with said crane.

"4. In failing to make a proper connection between said crane and said cars of coal.

"5. In failing to check the brakes on said cars of coal prior to movement of same down said grade.

"6. In stationing inexperienced men on said cars of coal to operate the brakes thereon."

The defendant admitted in the answer filed to the petition that plaintiff is a corporation authorized to write insurance; that defendant is a corporation engaged in a construction business and that Norman E. Gradel and George F. Gradel were engaged in business in Ohio under the name of the George Gradel Company.

Defendant denied in the answer that defendant rented the mobile crane from the Gradel Company, with two operators of the equipment who were under the exclusive orders, supervision and control of the defendant.

The defendant alleged affirmatively in defendant's answer to the petition of the plaintiff, in part:

"This defendant alleges that on April 24, 1953, while said employees of the Gradel Company were so engaged in operating the crane upon the premises of the Willys-Overland Motors, Inc., at Toledo, Ohio, and while they were in the exclusive control of the manner and means of operating the same, an accident occurred resulting directly from the manner of operation of the crane by said employees of the Gradel Company, in the course of their employment, causing damage to the crane * * *."

"This defendant says that any and all damage sustained to the crane of the Gradel Company as the result of an accident on the premises of the Willys-Overland Motors, Inc., at Toledo, Ohio, on or about April 24, 1953, was proximately caused or contributed to by the negligence of the Gradel Company by and through its two employees who were at the time of said accident in the course of their employment for Gradel Company and in custody and control of said crane and in charge of the operation thereof; that said employees of the Gradel Company had full knowledge of all the facts and circumstances in connection with the movement of the coal cars, and fully appreciated any risks or hazards involved in the operation, and voluntarily assumed such risks and hazards; and if plaintiff in fact became subrogated to the claim of Gradel Company and the assignee thereof, as alleged in the petition, it did so subject to all defenses of this defendant, including the defenses of contributory negligence and assumption of risk, which would have been available to this defendant had the Gradel Company asserted such claim against it."

Defendant denied any and all acts of negligence, contributing to the damage claimed by the plaintiff, and prayed that plaintiff's petition be dismissed.

It is considered appropriate to state here that the subrogation agreement whereby plaintiff was subrogated to the rights of the Gradel Company and the amount as claimed to have been

paid as damages were established either by proof or admissions by the defendant on the trial of the cause in the Court of Common Pleas, as shown by the record.

The evidence in the record, in our view, is undisputed that the defendant was engaged in the performance of certain work for the Willys-Overland Motors, Inc., at its plant in the city of Toledo and that the work being performed by the defendant was under the control and supervision of a superintendent in the employ of the defendant, and that at the request of the defendant, the Gradel Company rented the mobile truck and crane in charge of two operators who were directed by the Gradel Company to report to the defendant and operate the crane equipment under the general direction of defendant's superintendent at the plant of the Willys-Overland Motors, Inc.

The record discloses further that the Gradel Company had rented mobile crane equipment to the defendant, with employees to operate the equipment, on previous occasions, and that the arrangement for compensation had been, and was, on the occasion involved in the case now before the court, that the Gradel Company furnished the operators of the equipment with a statement of account form, upon which form the time consumed in performing work, the rate of pay as rental for the equipment, and for the services of the employee operators of the Gradel Company were entered by the Gradel employees. It appears further by testimony that after completion of the work, the statement of account was submitted for approval to defendant's superintendent and when approved was signed by him and redelivered to the Gradel employees.

The statement of account covering the transaction involved in the case before us is in the record as an exhibit, with the entry appearing to be in part as follows:

"Rental of truck-crane at Willys Motors, Inc. April 7, 8, 23 and 24, 22 hours @ $15.50 per hour," etc.

The evidence discloses that on April 24, 1953, the two Gradel Company employees operated the mobile crane and truck equipment involved in the case before us, from the premises of the Gradel Company to the plant of Willys-Overland Motors, Inc., where those employees reported to the superintendent of the defendant; that thereafter under the direction and super-

vision of defendant's superintendent, the operators of the mobile crane engaged the truck and crane in the movement of certain machinery as directed by the superintendent of the defendant, it being disclosed by the record that all movements of machinery by the use of the crane equipment, were made pursuant to the orders and directions of the defendant's superintendent.

It appears further from the evidence that following the movement of various machinery under the direction of defendant's superintendent, the employee operators of the mobile crane were directed by defendant's superintendent to move and permit the forward end of the truck of the mobile equipment to be attached to the leading car in a string of three loaded coal cars, for the purpose of moving the loaded cars, by the use of the mobile crane and truck, from the summit of an incline down and over the railway tracks of the incline to a place upon the Willys-Overland premises designated and directed by defendant's superintendent.

The testimony in the record discloses further that when so directed to move the loaded coal cars, the Gradel Company operators of the crane equipment expressed their opinion that there would be danger in undertaking to move the loaded coal cars in the manner suggested by defendant's superintendent, and other ways were suggested by the operators of the crane equipment, whereby in their opinion as expressed by the operators, danger of a collision could be avoided. It appears, however, notwithstanding the suggestions of the mobile crane operators, the movement of the loaded coal cars was undertaken in the manner as directed by defendant's superintendent.

It appears further from the evidence in the record that in undertaking to move the loaded coal cars, the truck-crane equipment was operated astride one of the rails of the track upon which the coal cars stood, to a place so that the forward end of the truck was within 4 to 6 feet of the leading coal car; that thereafter employees of the defendant, under the directions of defendant's superintendent, made the attachment by means of a cable between the truck and coal cars; that three employees of the defendant, pursuant to the orders of defendant's superintendent, took positions upon the coal cars for the

purpose of applying the hand brakes, in order that the movement of the cars down the incline might be controlled and a possible collision between the loaded coal cars and the mobile crane might thereby be avoided.

The evidence in the record discloses that in compliance with the orders and directions of defendant's superintendent, the operator of the truck and mobile crane undertook and did move the loaded coal cars for a short distance from the position in which the cars had been standing and that thereafter, due to causes not disclosed by the evidence, the loaded cars got beyond the control of the employees stationed upon the cars for the purpose of applying the brakes, resulting in the forcing of the mobile crane equipment against a concrete abutment, with substantial damage to the truck and mobile crane.

It is disclosed by testimony in the record that the employee operators of the mobile crane remained in the general employment of the Gradel Company and were being paid their wages by that employer; that the defendant was without authority to discharge or replace those employees and that in the event it was considered unreasonably dangerous, the Gradel Company employees in the control of the mobile crane equipment might and had the right to refuse to undertake work as may be ordered by defendant's superintendent or, as an alternative, those employees were free to and would, if uncertain before undertaking work considered unreasonably dangerous, consult with and secure directions from the Gradel Company.

It is therefore contended forcibly by counsel for defendant that the operators of the mobile crane equipment were employees and servants of the Gradel Company, subject to the exclusive control and direction of that company, and that the relationship of *respondeat superior* did not arise or exist between those employees and the defendant, under the circumstances as shown to exist by the record now before us on this appeal.

It is our view, by reason of the rules of law considered determinative of this appeal, that it is unnecessary and this court is not required to weigh the conflicting evidence, as presented by the record now before us.

We have reached the conclusion, after a careful examination of the record, and therefore determine that there is evi-

dence of a substantial character in the record tending to establish that the employee operators of the mobile crane were loaned by the Gradel Company to the defendant and that there is also evidence of probative value in the record which tends to show that the operations and occurrences resulting in the claimed damage to the rented mobile crane equipment were under the exclusive control and direction of the defendant.

We therefore consider the cases cited and rules of law as announced in *Scharf, Admx.*, v. *Gardner Cartage Co.*, 95 Ohio App., 153, 113 N. E. (2d), 717, to be applicable in the case presented by the record before us:

"In view of the factual situation here presented, the principles enunciated in *Halkias* v. *Wilkoff Co.*, 141 Ohio St., 139, 47 N. E. (2d), 199, apply, particularly as set forth in the fourth paragraph of the syllabus, which reads:

" 'When one party loans his servant to another for a particular employment in the business and under the direction of the latter, the servant, for anything done in that employment, must be regarded as the servant of the party to whom he is loaned, although he remains the general servant of the party who loaned him.'

"In *McAndrews* v. *E. W. Bliss Co.* (C. C. A. 6, 1951), 186 F. (2d), 499 (certiorari denied, 342 U. S., 821, 96 L. Ed., 621, 72 S. Ct., 41), the United States Circuit Court of Appeals affirmed a judgment for defendant, based upon peremptory instructions in its favor by the District Court of the United States for the Northern District of Ohio, Eastern Division. In that case, as in this case, the Eichleay Corporation was the independent contractor, and, except for the issue of a defective boom, that case is directly in point.

"The Court of Appeals in the *McAndrews case* held:

" 'Where employer assigned crane operator to assist crew of independent contractor in the dismantling [of an] * * * overhead traveling crane at employer's plant, and crane operator, in performing such work, was under sole direction of independent contractor's foreman, employer could not be held liable for crane operator's alleged negligence resulting in injury to member of independent contractor's crew.'

"For other authorities to the same effect, see: *Denton* v.

*Yazoo & Mississippi Valley Rd. Co.,* 284 U. S., 305, 76 L. Ed., 310, 52 S. Ct., 141; *Peters* v. *United Studios, Inc.* (1929), 98 Cal. App., 373, 277 P., 156; *Standard Oil Co.* v. *Anderson* (1908), 212 U. S., 215, 53 L. Ed., 480, 29 S. Ct., 252; *Bartolomeo et al., Admrs.,* v. *Charles Bennett Contracting Co.* (1927), 245 N. Y., 66, 156 N. E., 98; *Western Marine & Salvage Co.* v. *Ball* (1930), 59 App. D. C., 208, 37 F. (2d), 1004, certiorari denied, *Ball* v. *Western Marine & Salvage Co.,* 281 U. S., 749, 74 L. Ed., 1161, 50 S. Ct., 353.

"On this phase of the case we pronounce the rule to be that where equipment is supplied under a rental agreement 'fully operated and serviced' at a specified per diem rental and the supplier of such equipment, as bailor, furnishes his own employees along with such equipment to operate the same on the premises of another, such supplier, as the general employer, is not liable for the negligence of such employees, where it is shown that such supplier exercised no direction or control over such loaned servants in the manner or way in which the work for which the equipment was supplied was to be done or accomplished, but that the bailee exercised complete and exclusive direction and control over the operation of such equipment and its operators, and further, that such supplier had no interest in the work being done except for the rental of his equipment so supplied. In such a situation such servants must be regarded as the servants of the party to whom they are loaned, even though they remain in the general employ of the supplier."

In *Giovinale* v. *Republic Steel Corp.,* 151 Ohio St., 161, 84 N. E. (2d), 904, the rule of law applicable in the case now before us is stated in the second paragraph of the syllabus:

"2. Where an employer loans his employee to another person to do work for and under the direction of the latter, the employee in the doing of such work is regarded as a servant of the one to whom he is loaned, although he remains in the general employ of the one who loaned him. (Paragraph four of the syllabus in *Halkias* v. *Wilkoff Co.,* 141 Ohio St., 139, approved and followed.)"

It is our view that the record before us on this appeal presents the somewhat difficult but nevertheless definite question as to whether the plaintiff must fail for the lack of any evi-

dence or permissible inferences tending to prove or establish negligence against the defendant, which could be considered as a proximate cause of the collision and claimed damage.

It is our view that there is no proof of facts which would logically justify or permit the conclusion or inference by a jury that the collision and damage were the direct result of a specific act, defect or omission for which the defendant or its employees were responsible.

It is our view that the jury, if permitted, would be compelled to speculate or conjecture concerning several possible causes and would not be justified in finding on the evidence as presented that the defendant was guilty and responsible for any specific and definite acts or omissions which might be considered by a jury as being the proximate cause or causes of the damage resulting to the mobile crane.

As we view the record, the jury, if permitted, would be compelled to speculate concerning whether the collision was the result of defective and insufficient hand brakes, the failure of the employees to apply the hand brakes with reasonable diligence and care; that the hand brakes were applied properly and would not hold the cars, or, still further, that defendant's superintendent was negligent in the giving of signals and orders to the employees who had been stationed on the cars for the purpose of applying the brakes. The foregoing statement is sufficient, in our view, to indicate that direct proof of negligence is lacking and that a jury would be compelled to speculate in an attempt to arrive at a definite cause of the collision, and obviously the above statement does not exhaust the possible causes.

It is not necessary to emphasize that, generally, the presumption exists that the defendant is free from negligence, and that negligence may not be presumed from the happening of the accident, unless certain facts and circumstances are shown to exist, whereby the doctrine of *res ipsa loquitur* should be considered as applicable in the case. *Martin, Jr.,* v. *Heintz,* 126 Ohio St., 227, 184 N. E., 852; *Pitt, Admx.,* v. *Nichols,* 138 Ohio St., 555, 37 N. E. (2d), 379; *Fink* v. *New York Central Rd. Co.,* 144 Ohio St., 1, 56 N. E. (2d), 456; *Bush, Admr.,* v. *Harvey Transfer Co.,* 146 Ohio St., 657, 67 N. E. (2d), 851.

It may be stated that the doctrine of *res ipsa loquitur* is applicable where it is shown that the instrumentality or "thing" which caused the injury or damage complained of is under the control and supervision of defendant and the accident is of such a character as in the ordinary course of events does not happen, if proper management and control is exercised, thereby affording reasonable evidence in the absence of explanation that the accident arose from want of care and permits the inference of negligence. *Glowacki, a Minor,* v. *North Western Ohio Ry. & Power Co.,* 116 Ohio St., 451, 157 N. E., 21, 53 A. L. R., 1486; *Weller, Exrx.,* v. *Worstall,* 129 Ohio St., 596, 196 N. E., 637; *Fink* v. *New York Central Rd. Co., supra*; *Winslow* v. *Ohio Bus Line Co.,* 148 Ohio St., 101, 73 N. E. (2d), 504.

As indicated hereinabove, we have determined that there is substantial evidence in the record now before us, tending to prove that the mobile truck crane and operators of that equipment were under the control and direction of the defendant.

We find and determine also that there is substantial evidence in the record that the loaded coal cars and the other employees engaged in the movement of those cars, were at the time of the occurrences resulting in the collision and damage, under the exclusive control and supervision of the defendant.

Assuming, therefore, and in the event it be found by the trier of the facts that the mobile crane equipment and employee operators were on the occasion in question under the exclusive control and management of the defendant, it is the view and conclusion of the writer of this opinion that the doctrine of *res ipsa loquitur* would be proper and applicable in the case in a determination of the issue of negligence on the part of the defendant.

Considering as we do, as stated above, that the record does not contain any evidence tending to establish specific acts or omissions amounting to negligence, as a proximate cause of the collision, for which the defendant would be responsible, we are not required and do not determine whether, on a retrial of the cause, the defenses of assumed risk and contributory negligence should be available to the defendant.

We are not required and do not undertake to anticipate what explanation may be made by the defendant or what the

evidence may be, if any, on a retrial of the case, in reference to what the specific and definite causes were that proximately resulted in the collision and damage.

The majority of this court concludes, therefore, that the trial court erred in directing the jury to return a verdict in favor of the defendant at the close of plaintiff's case. *Hamden Lodge* v. *Ohio Fuel Gas Co.,* 127 Ohio St., 469, 189 N. E., 246; *Durbin* v. *Humphrey Co.,* 133 Ohio St., 367, 14 N. E. (2d), 5; *Purdy, Admr.,* v. *Kerentoff,* 152 Ohio St., 391, 89 N. E. (2d), 565; *Tanzi* v. *New York Central Rd. Co.,* 155 Ohio St., 149, 98 N. E. (2d), 39, 24 A. L. R. (2d), 1151.

We find no prejudice to the plaintiff by reason of improper cross-examination, and therefore overrule plaintiff's second assignment of error.

For the reasons stated, the judgment of the Court of Common Pleas is reversed and the cause remanded for a new trial.

*Judgment reversed and cause remanded.*

CONN, J., concurs in the judgment of reversal and is of the opinion that the record discloses a jury question at the close of plaintiff's case.

FESS, J., dissenting. I concur in the conclusion of the majority that the evidence tends to show that, at the time and place, the employee operators of the mobile crane were loaned by the Gradel Company to the defendant, and that in the series of events resulting in damage to the outfit, such operators were under the direction and control of the defendant. I concur also in the opinion of the majority that there is no proof of facts which would logically permit an inference that the damage resulted from any specific act, defect or omission for which the defendant or its employees were responsible, and that, in general, negligence may not be presumed from the happening of an accident.

I respectfully disagree with the application of the doctrine of *res ipsa loquitur* to the instant case for two reasons:

The petition alleges six specifications of negligence on the part of the defendant and there is no allegation of a want of

knowledge on the part of plaintiff's subrogor in respect of the negligence claimed to give rise to a right of recovery of damages, or any proof thereof. On the contrary, the evidence discloses that such subrogor was entirely cognizant of such claimed acts of negligence through its loaned employees.

It has been consistently held that since *res ipsa loquitur* is a rule of evidence, it is not necessary to be pleaded. *Beeler* v. *Ponting,* 116 Ohio St., 432, 156 N. E., 599; *Scovanner* v. *Toelke,* 119 Ohio St., 256, 163 N. E., 493; *Fink* v. *New York Central Rd. Co.,* 144 Ohio St., 1, 56 N. E. (2d), 456; *Rospert* v. *Old Fort Mills, Inc.,* 81 Ohio App., 241, 78 N. E. (2d), 909; *Pierce* v. *Gooding Amusement Co.,* 55 Ohio Law Abs., 556, 90 N. E. (2d), 585; *Motorists Mutual Ins. Co.* v. *Calland,* 93 Ohio App., 543, 114 N. E. (2d), 162; *Manker* v. *Shaffer,* 96 Ohio App., 350, 121 N. E. (2d), 908; *Rigney* v. *Cincinnati St. Ry. Co.,* 99 Ohio App., 105, 131 N. E. (2d), 413. Contra: *Shadwick* v. *Hills,* 79 Ohio App., 143, 47 Ohio Law Abs., 375, 69 N. E. (2d), 197; *Kaltenbach* v. *Cleveland, Columbus & Cincinnati Highway, Inc.,* 82 Ohio App., 10, 51 Ohio Law Abs., 233, 80 N. E. (2d), 640; *Sieling* v. *Mahrer,* 71 Ohio Law Abs., 571, 113 N. E. (2d), 373.

Without overruling the foregoing rule with respect to pleading (*Rigney* v. *Cincinnati St. Ry. Co., supra*), the Supreme Court has specifically held that the doctrine of *res ipsa loquitur* is not applicable in a case where the petition and the proof disclose that plaintiff had knowledge of the facts and circumstances showing the claimed negligence. *Winslow* v. *Ohio Bus Line Co.,* 148 Ohio St., 101, 73 N. E. (2d), 504. (See, also, *Cleveland Ry. Co.* v. *Sutherland,* 115 Ohio St., 262, 152 N. E., 726, and *Welch* v. *Rollman & Sons Co.,* 70 Ohio App., 515, 44 N. E. (2d), 726.) The *Winslow case* recognizes the underlying reason for the rule of *res ipsa loquitur*—that the facts of the injury are solely within the knowledge of the defendant, and are not accessible to the plaintiff. The rule is based in part on the theory that the defendant, having custody and exclusive control of the instrumentality which caused the injury, has the best opportunity of ascertaining the cause of the accident, and that the plaintiff has no such knowledge and is compelled to allege negligence in general terms and to rely upon the proof of the happening of the accident in order to establish negligence.

468

*United States* v. *Kesinger*, 190 F. (2d), 529, citing *Winslow* v. *Ohio Bus Line Co., supra.*

Under the pleadings and the evidence, plaintiff having failed to adduce evidence of any specific acts of negligence on the part of the defendant proximately contributing to the damage, the judgment should be affirmed.